HAWLEY D. CLAPP, Respondent, *v.* WILLIAM F. McCABE, Appellant, Impleaded with Another.

*Jurisdiction of the Supreme Court — exercised only within the scope of the pleadings — judgment, upon whom and to what extent conclusive — constitutional preservation of life, liberty and property — due process of law — judgment, when coram non judice.*

The Supreme Court, under the Constitution of the State of New York, has general jurisdiction in law and equity, but the exercise of its power is subject to the limitations and regulations of the Code of Civil Procedure.

When a person commences an action, the power of the court, which he invokes and is entitled to have exercised in his behalf, is that only which applies to the cause of action which he states in the .complaint, and it is by this pleading that the scope of the power of the court in that action is to be determined.

Before jurisdiction can be established, it must appear, not only that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected, but that such complaint has been preferred and that such person or thing has been properly brought before the tribunal to answer the charges therein contained.

The power of the court to render a judgment, which in a general way may be termed its jurisdiction, is limited by section 1207 of the Code of Civil Procedure to the relief demanded in the complaint, or when there is an answer to such as is embraced within the issue made by the pleadings.

A judgment is conclusive upon the parties to an action, not only as to the matters actually litigated, but as to matters which might have been litigated within the purview of the action.

The rule that a party is not entitled to judgment upon a matter not embraced in his complaint is jurisdictional. It is not sufficient that a judgment is within the general power of the court, or that it adjudicates upon a matter over which the court has general jurisdiction; it must appear that the proceeding in which it was rendered was one that brought the power of the court into action.

The provision of the Constitution of the State of New York declaring that no person shall be deprived of life, liberty or property, without due process of law, cannot be complied with unless a party proceeded against has a hearing or an opportunity to be heard, and a party cannot be said to have had an opportunity to be heard upon a claim not set out in the complaint, and of which he had no notice.

A person served with the complaint in an action has a right to rely upon the allegations thereof, with perfect confidence that no valid judgment can be rendered against him upon any claim or cause of action which has not been pleaded, and if any such is rendered, it is *coram non judice* and void.

APPEAL by the defendant, William F. McCabe, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 10th day of November, 1894, upon the report of a referee.

*Isaac N. Mills*, for the appellant.

*A. Britton Havens*, for the respondent.

BROWN, P. J.:

The facts in this case are not disputed. The learned referee, who heard and decided it, has stated them so fully and accurately in his opinion * that they need not be here repeated.

We agree with and adopt his conclusions, and need add but very little to his discussion of the law of the case.

---

* The following is the opinion referred to:

CHARLES P. McCLELLAND, Referee:

The action is in ejectment to recover the possession of an undivided one-seventh part of certain lands situate in the town of Mamaroneck, in the county of Westchester.

There is no dispute as to the facts — the only evidence offered upon the hearing being documentary.

The plaintiff claims title as devisee under the will of his father, Hawley D. Clapp, who died January 5, 1880, and whose will was admitted to probate January 20, 1880.

We are of the opinion that the proposition of the appellant, that the judgment in the foreclosure action is conclusive upon the respondent, and cannot be attacked collaterally, cannot be sustained.

The Supreme Court, under the Constitution of the State, has general jurisdiction in law and equity, but the exercise of its power is subject to the limitations and regulations of the Code of Civil Procedure.

When a person commences an action, the power of the court which he invokes and is entitled to have exercised in his behalf, is

---

It is not questioned that by this will the plaintiff became vested with an undivided one-seventh interest, to recover the possession of which this action is brought.

It is claimed, in behalf of the defendant, that the plaintiff became divested of such interest by the foreclosure of, and sale under, a mortgage executed by his father, Hawley D. Clapp, to one Rachel S. Rogers, December 28, 1861, and recorded in the office of the register of the county of Westchester on the 6th day of January, 1862.

At the time of the execution of the mortgage, Hawley D. Clapp, Sr., was the owner and in possession of the premises in question, together with other lands, the whole forming a tract lying between Mamaroneck river and Mamaroneck avenue, consisting of a little more than twelve acres, all of which tract was included in the mortgage to Rachel S. Rogers.

The mortgage referred to was, on the day of its execution, assigned by said Rachel S. Rogers to John J. Merritt; and on the 12th day of August, 1863, by the said John J. Merritt assigned to Elias H. Van Brunt.

On the 18th day of August, 1863, Elias H. Van Brunt executed and delivered to Hawley D. Clapp, who was then still the owner of the mortgaged premises, a release of a portion of the premises covered by the mortgage.

It is the peculiar and unfortunate description of the released premises that has occasioned all the difficulty. Instead of describing by metes and bounds the portion released, the release is of all the mortgaged lands except the portion specifically described in the release by metes and bounds, upon which portion so specifically described the mortgage was to remain a lien.

Subsequently, and on the 24th day of August, 1863, Hawley D. Clapp, together with his wife, Huldah H. Clapp, conveyed to the American Spiral Spring Butt Hinge Company the portion of said premises not released from the lien of the' mortgage, which said premises not released were, on the 22d day of November, 1866, conveyed by said corporation to Elias H. Van Brunt, and the same premises were by the said Elias H. Van Brunt, on the 23d day of June, 1881, conveyed to Huldah H. Clapp.

The mortgage above mentioned was by the said Elias H. Van Brunt, on the 30th day of September, 1863, assigned to Huldah H. Clapp, so that at the time of

that only which applies to the cause of action that he states in his complaint, and it is by this pleading that the scope of the power of the court in that action is to be determined.

Before jurisdiction can be affirmed to exist, it must appear not only that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected, but that such a complaint has been preferred, and that such person or thing has been properly brought before the tribunal to answer the charges therein contained. (*Sheldon* v. *Newton*, 3 Ohio St. 494.)

the conveyance to her of the real estate, on the 23d day of June, 1881, Huldah H. Clapp was the owner both of the mortgage and of the real estate upon which it was a lien.

The question whether upon the conveyance of the real estate to Huldah H. Clapp the lien of the mortgage was not extinguished by merger, is not raised by counsel for the plaintiff, and, therefore, I do not consider the same, but base my decision upon the grounds hereinafter mentioned.

On the 6th day of December, 1881, Huldah H. Clapp commenced an action for the foreclosure of the mortgage above mentioned, and such proceedings were had in said foreclosure action that on the 8th day of November, 1882, a decree of foreclosure and sale was entered whereby it was referred to Nelson H. Baker as referee to make the sale. The premises were sold to Huldah H. Clapp, the plaintiff in the foreclosure action, and the defendants claim title under Huldah H. Clapp through various mesne conveyances.

The question at issue is, whether under the decree in the foreclosure action and the subsequent sale by the referee and the referee's deed, Huldah H. Clapp obtained title to the undivided seventh interest, to recover possession of which this action is brought.

It is unquestioned that at the time of the commencement of the foreclosure action such one-seventh interest was not subject to the lien of the mortgage, as the same had theretofore been released from the mortgage by Elias H. Van Brunt as above mentioned, and the title to such seventh interest had passed to the plaintiff herein under the will of his father above mentioned.

The plaintiff herein was made a defendant in the foreclosure action. The summons and complaint being served upon him personally, and as he was then a minor of the age of nineteen years, upon his application a guardian *ad litem* was appointed, who appeared for him in the foreclosure action and interposed the usual answer in such cases.

In order to ascertain the effect and scope of the foreclosure action it becomes necessary to examine with care the proceedings in that action.

In the complaint in the foreclosure action, the whole parcel as originally mortgaged is described at length. The complaint then contains a clause as follows:

"That the said Elias H. Van Brunt afterwards, and while the owner and holder of the aforesaid bond and mortgage, released a portion of the premises therein

Under our practice the power of the court to render a judgment, which, in a general way, may be termed its jurisdiction, is expressly limited by section 1207 of the Code of Civil Procedure to that demanded in the complaint, or when there is an answer to such as is embraced within the issue made by the pleadings.

This rule, which thus limits the power of the court to render such a judgment only as is in accordance with the prayer of the complaint, is expressly or impliedly recognized in all the reported cases upon the subject of jurisdiction.

described from the lien thereof, as will appear by an instrument in writing executed by the said Elias H. Van Brunt to Hawley D. Clapp, dated August 18th, 1863, and recorded in the office of the Register aforesaid, in Liber 508 of Conveyances, page 229, August 20th, 1863. For a more particular description of the premises thus released reference is had to the said release."

The prayer for relief was that the defendants be barred and foreclosed of all right, claim, lien and equity of redemption in the said mortgaged premises, and that the said premises may be decreed to be sold.

Having regard to the language of the whole complaint, it is clear that it covered only the premises not released, or, in other words, that the premises released were excepted from the mortgaged premises as described, and that only the premises still remaining subject to the lien of the mortgage were to be the subject of the foreclosure action.

After the trial of issues presented by the answer of certain defendants other than the plaintiff herein, the court made and filed findings of fact and conclusions of law in favor of the plaintiff in the foreclosure action, one of which findings of fact was as follows: "That the said Elias H. Van Brunt, by the agreement set forth in the complaint dated August 20th, 1863, and recorded at the time and place therein specified, released a portion of the mortgaged premises from the lien of the said mortgage."

And one of the conclusions of law was as follows: "The plaintiff is entitled to judgment against all of the defendants in the usual form for the foreclosure of the said mortgage, and for a sale of all the mortgaged premises except that part thereof which was released by the said Elias H. Van Brunt as hereinbefore stated."

The notice of the pendency of the action described the premises by the same description as found in the mortgage, adding as follows: "Excepting and reserving out of said described premises the portion thereof described in a certain release bearing date August 18, 1863, executed by Elias H. Van Brunt to Hawley D. Clapp, and recorded in the office of the Register of Westchester County aforesaid, in Liber 508 of Conveyances, page 229, August 20th, 1863."

The decree in the foreclosure action was filed on the 4th day of November, 1882, and duly entered on the 8th day of November, 1882. It is in the usual form and directs the sale of the "mortgaged premises described in the complaint in this action as hereinafter set forth," and concludes with what purports to be "a description of the mortgaged premises hereinbefore mentioned."

Thus, in *Lewis* v. *Smith* (9 N. Y. 502) a judgment in an action to foreclose a mortgage was held not to be a bar to an action for dower, for the reason that, although plaintiff was a party defendant to the foreclosure suit, the question as to her dower was not embraced within the allegations of the complaint. While in *Jordan* v. *Van Epps* (85 N. Y. 427) a judgment in an action for partition was held to be a bar to the maintenance of a similar action, for the reason that the plaintiff's right of dower had been set out in the complaint in the partition suit, and as the court had capacity to determine it in that action, the plaintiff could have litigated her rights there

Down to this point in the foreclosure proceedings and in the decree everything appears to be regular and such as should properly be found in an action to foreclose the mortgage as against the premises upon which it remained a lien after the execution of the release, with the exception that the owners of the portion released are made parties defendant in the action.

In the attempt to describe the mortgaged premises to be affected by the foreclosure, the decree first contains a full description of the whole parcel as found in the mortgage, including in one description both the portion released and the portion not released. After such description the decree continues: "Excepting and reserving out of the above-described premises," and then follows a description by courses and distances, not of the portion released, but of the portion not released, as the same was described in the release, following which detailed description is the following recital or reference: "As described in a certain release bearing date the 18th day of August, 1863, executed by Elias H. Van Brunt to Hawley D. Clapp, and recorded in the office of the register of Westchester county in Liber 508 of Deeds, page 229, on the 20th day of August, 1863."

The referee's deed contained the same description as found in the decree.

Upon the foregoing statement of facts the question is, whether the plaintiff was divested of his title to the undivided one-seventh interest, to recover possession of which this action is brought, in the decision of which I shall consider only two questions, namely:

I. Whether the premises claimed by the plaintiff herein were included in the premises described in the decree in the foreclosure action; and,

II. If so included, whether that decree is binding upon this plaintiff.

In the consideration of the first question it must be borne in mind that at the time of the commencement of the foreclosure action the mortgage was not a lien upon the premises affected by this action.

It is strenuously insisted by the learned counsel for defendants that the purpose of that action must have been to foreclose the mortgage as against the premises claimed by the plaintiff herein, for the reason that Huldah H. Clapp was already the owner of the premises not released from the mortgage, and for the further reason that the owners of the portion released were made parties defendant.

The facts stated tend strongly to show that such was the understanding or purpose of Mrs. Clapp, but I am unable to see how such understanding or pur-

had she chosen so to do, and the case, therefore, fell within the familiar rule that a judgment is conclusive upon the parties, not only as to the matters actually litigated, but as to matters which might have been litigated within the purview of the original action.

In *Lewis* v. *Smith*, after stating the rule that a plaintiff must set out in his complaint the facts upon which he claims priority for a mortgage over another incumbrance or special estate in land, the court says : "If he omit to do this it will be under pain of being obliged to show, when the decree is relied upon collaterally, that

pose is material. They could not alter the fact that the premises had been released from the lien of the mortgage, nor could such understanding or purpose restore such a lien.

Such purpose, if it existed, was based either upon fraud or a mistake. There is no evidence whatever of fraud, and no intention or purpose which was based upon a manifest error can aid in the construction of the description found in a decree or in a conveyance. It must be presumed that the purpose of the action was to foreclose the mortgage as against the premises upon which it was a lien, and not as against the premises upon which it was no lien.

It further appears that the premises which remained subject to the lien of the mortgage were properly described in the complaint. The prayer of the complaint was for a sale of the "mortgaged premises." The notice of the pendency of the action properly described the premises upon which the mortgage was a lien, and the decision of the court was that "the plaintiff is entitled to judgment * * * for a sale of all the mortgaged premises, except that part thereof which was released by the said Elias H. Van Brunt as hereinbefore stated," and the decree was for the sale of the "mortgaged premises described in the complaint."

Down to this point in the foreclosure action, and in the decree as already stated, everything was regular, and as should be found in an action to foreclose the mortgage as against the portion of the premises not released.

The trouble arose in the attempt to give in the decree a detailed description of the mortgaged premises; in that attempt the whole parcel is described, and then there is excepted, by a description giving metes and bounds, not the portion released, but the portion not released, followed by the recital "as described in a certain release," giving date, time and place of record.

In my opinion the correct construction of the description found in the decree, when the same is read in connection with the other papers in the action, and in the light of the surrounding circumstances, justifies and necessitates the rejection of that portion of the description giving the metes and bounds as erroneous and inconsistent with the other parts of the description, and contrary to the only purpose of the action of which I can take notice.

The record evidence shows unmistakably that the insertion of the description of the premises not released, as an exception and reservation from the premises described in the mortgage, was an error, and a reference to the unfortunate and misleading description contained in the release shows how such error occurred.

the title alleged to be foreclosed was in fact subordinate to the mortgage."

Another familiar illustration of the same rule is the effect of a judgment rendered in an action to foreclose a second mortgage upon the holder of a prior incumbrance. Thus, in *Jacobie* v. *Mickle* (144 N. Y. 237) a judgment was held to bar an action to foreclose a first mortgage for the reason that the complaint in the first action set out the prior mortgage, and in the prayer for judgment demanded that the amount due thereon be ascertained and paid out of the proceeds of the sale, and the case is distinguished in the opinion of the

---

The decree, after describing by metes and bounds the premises not released as being the premises released, continues, "as described in a certain release bearing date the 18th day of August, 1863," etc.; a reference to such release shows at once that the wrong parcel had been described and attempted to be excepted and reserved from the operation of the decree.

It is, however, strongly urged by counsel for defendants that the words "as described in a certain release" have reference to the premises described by metes and bounds in the release, and not to the premises actually released.

I am unable so to understand the reference. The manifest purpose in the decree of the reference to the release is to ascertain and locate the portion of the premises released from the mortgage. It is immaterial how such released portion is described, if it can be properly identified and located.

The reference to the release is found in that portion of the decree relating to the exception and reservation from the operation of the decree; there could be no purpose in such connection to refer to a description of the premises not released, and which were not to be excepted and reserved from the operation of the decree.

After the description by metes and bounds of the portion of the premises not released is stricken from the decree, there still remains sufficient to clearly describe and locate the premises covered by the mortgage and affected by the foreclosure. Such description is then without ambiguity or contradiction, and is consistent with the judgment pronounced by the decree, that the "mortgaged premises described in the complaint" should be sold, with the findings of the court, with the notice of pendency of action, with the complaint, and with the only legal purpose which the plaintiff in the foreclosure action could have had.

This construction of the decree is supported by the authorities as I read them, the proposition being that where parts of a description in a conveyance or in a decree are inconsistent, that portion which is shown to be false or erroneous must be rejected, if sufficient remains to identify and locate the premises, and that, in the endeavor to ascertain what portion of the description is false or erroneous, reference may be had to the whole description, to other parts of the instrument or decree, to conveyances or records referred to in the description, and to the other papers connected with, and the circumstances surrounding, the transaction.

This principle is clearly recognized in *Laverty* v. *Moore* (33 N. Y. 658), and in *Masten* v. *Olcott* (101 id. 152).

court from those in which prior incumbrances were held not cut off by a sale under a judgment rendered in an action to foreclose a junior mortgage, for the reason that the right of the first incumbrancer was not set out in the complaint.

An unlimited number of authorities might be cited, all holding that the rule that a party is not entitled to a judgment upon matter not embraced in his complaint, is jurisdictional. It is not sufficient that a judgment is within the general power of the court or that it adjudicates upon a matter of which the court has general jurisdiction. It must appear that the proceeding in which it was rendered

---

In the case first cited the word " northwesterly " was rejected, and the word " southwesterly " inserted.

In the case last cited the court rejected an entire description by metes and bounds, and courses and distances, as inconsistent with other portions of the description.

In *French* v. *Carhart* (1 N. Y. 96) it was held that a reference to a reservation in another deed was to be "construed precisely as though it were incorporated into and formed a part of that deed."

The same is held in *Hoppough* v. *Struble* (60 N. Y. 430), and in *Jackson* v. *Parkhurst* (4 Wend. 369).

Under this principle the reference in the decree to the release would operate to incorporate in the description of the released premises in the decree the entire description of the released premises as found in the release. When such incorporation is had (and the case may be considered as though actually made) it will be seen at once that the attempted description of the released premises by metes and bounds is erroneous.

In *Case* v. *Dexter* (106 N. Y. 553) the rule is stated as follows : "It is a familiar rule in the construction of a deed that where the description is ambiguous, or there is inconsistency in the several particulars, ' words, if necessary, may be supplied by intendment, and particular clauses and provisions qualified, transposed or rejected, in order to ascertain and give effect to the intention.' (BEARDSLEY, J., in *Hathway* v. *Power*, 6 Hill, 453-455.) What words or clauses shall be rejected or qualified in case of uncertainty is frequently determined by giving effect to those parts or clauses of the description which are most certain and to particulars in respect of which the parties would be least likely to have made a mistake."

In *Robinson* v. *Kime* (70 N. Y. 147–154) the court says: "The rule is well settled that a conveyance is to be construed in reference to its visible locative calls, as marked or appearing upon the land, in preference to quantity, course or distance; and any particular may be rejected, if inconsistent with the other parts of the description, and sufficient remains to locate the land intended to be conveyed."

The foregoing authorities are sufficient to illustrate the general legal proposition above stated, which seems to me to be controlling in the construction of the description found in the decree, and which leads me to the conclusion that the

was one that brought the power of the court into action. If a woman should sue her husband upon a promissory note, and upon default of answer the court should grant her a divorce, no one would claim that such a judgment had any force or validity, and yet it could be argued that the court had jurisdiction of divorces and the judgment was within its general powers. But the answer to such an argument would be that the power of the court to grant a divorce had not been called into action and no case had been presented in which it could lawfully be exercised, and the judgment of divorce would be absolutely void. The result would be the same if, in an action upon a note, a judgment was rendered foreclosing a mortgage.

language of the decree, when properly construed, does not affect the premises claimed by the plaintiff in this action.

A consideration of the second question above suggested, namely, conceding that the premises now claimed by the plaintiff are included in the description found in the decree in the foreclosure action, and in the referee's deed following such decree, is the plaintiff bound by such decree, leads me to the conclusion that he is not.

It is true the plaintiff was a party to that action and appeared therein by a guardian *ad litem;* but that action, as shown by the complaint, by the notice of pendency of the action, by the decision of the court, and by all the proceedings down to the time of the entry of the decree, did not in any manner affect the plaintiff or the premises owned by him.

After the entry of the decree it is found, if this view of the case be taken, that the decree was entered against the premises owned by him, and which were not subject to the lien of the mortgage and not covered by the complaint. The question is not one of regularity, but of jurisdiction. Had the court, in an action in which the complaint makes no reference to the premises owned by the plaintiff, other than to state that they have been released from the lien of the mortgage, and in which the notice of the pendency of the action states that the mortgage is not a lien upon his premises, and in which the decision of the court is that the premises described in the mortgage be sold except that portion owned by the plaintiff and his co-devisees, power to enter a decree directing that the premises owned by him be sold? I think not.

The case is not like those cited by the learned counsel for the defendants, in which an error has been made in the form of a judgment by which its scope has been enlarged or its amount increased beyond that authorized by a verdict, referee's report or decision of the court, in which cases it is held that the judgment is not void but irregular. In this case the scope of the judgment was not enlarged or the amount increased beyond that authorized by the decision of the court; but by the decree the judgment of the court is made to apply to premises not contemplated by the decision, and to a subject-matter not brought within the jurisdiction of the court. The existence of a mortgage upon the premises was

The rule could not be otherwise without violating the constitutional provision declaring that no person shall be deprived of life, liberty or property without due process of law. That provision cannot be complied with unless the party proceeded against has a hearing or an opportunity to be heard. In *Stuart* v. *Palmer* (74 N. Y. 183) the Court of Appeals said they could not conceive of due process of law without that.

A party could not have an opportunity for a hearing upon a claim not set out in the complaint and of which he had no notice. He has a right to rely upon the allegations of the complaint served

---

necessary to confer jurisdiction upon the court to decree a foreclosure of the mortgage, and a sale of the premises under such foreclosure. As a matter of fact no such mortgage existed, nor had the court power, in such an action, to create a lien or to direct a sale where no lien existed.

The court had jurisdiction of the persons and of the subject-matter covered by the complaint, namely, the premises upon which the mortgage remained a lien after the execution of the release, but not of premises upon which the mortgage was no lien.

Suppose that an action be brought by A to foreclose a mortgage upon land owned by B, in which action C is made a party defendant either unnecessarily or as the holder of a subsequent lien upon the lands of B. Suppose, further, that in the entry of judgment in such action by an error a decree was made directing that the lands of C be sold instead of the lands of B, can it be claimed that C, although a party to that action, would be bound by such a decree?

It does not follow from the fact that the court had jurisdiction of the parties, and of the subject-matter of the action, as presented by the complaint, that it had power to enter a decree touching an entirely different subject-matter.

The definition of "jurisdiction," as given by the later decisions of the courts, includes the element that jurisdiction is not merely the power to hear and determine, but also the power to render the particular judgment which was rendered. (See 12 Am. & Eng. Ency. of Law, 247.)

In *Windsor* v. *McVeigh* (93 U. S. 274) Mr. Justice FIELD says that the doctrine "that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment, however erroneous, cannot be collaterally assailed, is undoubtedly correct as a general proposition, but like all general propositions is subject to many qualifications in its application. * * * The doctrine * * * is only correct when the court proceeds, after acquiring jurisdiction of the cause, according to the established modes governing the class to which the case belongs, and does not transcend, in the extent or character of its judgment, the law which is applicable to it."

In *Jones* v. *Brown* (54 Iowa, 74, 79) jurisdiction is defined to be the authority of law to act officially in the matter then in hand.

In *Munday* v. *Vail* (34 N. J. L. 418) it was held that "a decree in equity, which is entirely aside of the issue raised in the record, is invalid, and will be treated as

upon him with perfect confidence that no valid judgment can be rendered against him upon any claim or cause of action which has not been pleaded, and, if any such is rendered, it is *coram non judice* and void.

In the action before us it is the appellant's claim that the court had power to determine what land was subject to the lien of the mortgage, and its judgment in that regard is conclusive. But under the operation of the rule stated the court had no power to determine that any land was covered by the mortgage except in accordance with the allegations of the complaint.

---

a nullity even in a collateral proceeding." (See memoranda of cases last above cited in 12 Am. & Eng. Ency. of Law, 248, 249.)

In short, I am unable to see how the court, in an action to foreclose a mortgage upon specified real estate, has jurisdiction to enter a decree directing a sale of other and entirely different lands, although such other lands may be owned by one who is a party defendant in the foreclosure action.

If I am right in this view of the case, the plaintiff was under no obligation to move to set aside the judgment in the foreclosure action for irregularity, under the provisions of section 1282 of the Code of Civil Procedure.

As already stated, the defect in the decree was not an error in the form of the judgment, by which its scope was enlarged or its amount increased beyond that authorized by the decision of the court, but the defect was that the decree was made applicable to a subject-matter which had not been brought within the jurisdiction of the court.

It follows, therefore, that the case of *The Corn Exchange Bank* v. *Blye* (119 N. Y. 414) and the other cases cited by counsel for defendants in the same connection, are not applicable.

The view that I have taken of the case renders it unnecessary to examine or pass upon the other questions raised and argued by the counsel in the case.

I am not unmindful of the fact that a great hardship may result to the defendant McCabe, as it is to be presumed that his purchase was made in good faith, and for value; but this consideration cannot change the principles of law which seem to me to be controlling in the case.

A careful search of the title at the time of his purchase would, however, have disclosed the defect now manifest.

I also appreciate the fact that the plaintiff has for many years, and, so far as the record shows, without excuse, slumbered in the enforcement of a right which should have been promptly asserted; but as this is a strictly legal action, and as no equitable defense, based upon that fact, is interposed, I cannot permit it to influence the decision.

It is, therefore, my opinion that the plaintiff is vested with the title to the interest described in the complaint, and is entitled to judgment for the recovery of its possession.

The plaintiff in the foreclosure action did not allege that the land claimed in this action was subject to the mortgage. She admitted that a part of the mortgaged premises had been released, and for a description of it referred to the release by date and place of record, and the complaint must be read as if the release was incorporated in and found as part of it.

This plaintiff, however, had a right to rely upon that allegation, and there was no question before the court for its determination as to what the mortgaged property consisted of. The facts were found by the court in accordance with the allegations of the complaint, and neither under the pleadings nor its own decision was there any power to direct the sale of the plaintiff's land. And the judgment, so far as it purported to direct a sale of the land in suit, was void.

The judgment appealed from must be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.