(18 App. Div. 1.)

### BYRNES v. PALMER et al.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

1. ATTORNEY AND CLIENT—NEGLIGENCE OF ATTORNEY—LIABILITY TO CLIENT.
   An attorney was guilty of actionable negligence in advising a purchaser that the title to the land was good, where the title was derived from a judgment of foreclosure of a mortgage which had been partially released, but the judgment directed the sale of the part of the land which had been released, though reference had been made in the complaint to the release.

2. SAME—OVERLOOKING DEFECTS IN TITLE.
   It is actionable negligence for an attorney, in examining title to land which had been sold under a judgment of foreclosure, not to observe that a partial release of the mortgage described by metes and bounds the portion retained subject to the lien, instead of the portion released.

3. NEW TRIAL—TIME OF MAKING MOTION—WAIVER.

The objection that a motion for a new trial was not made within the time required by law is waived by admitting due and timely service of notice of the motion.

Appeal from special term, Westchester county.

Action by Edward G. Byrnes against William D. Palmer and another, as executors of the will of Arthur T. Hoffman, deceased. From an order granting a new trial on a case and exceptions, after dismissal of the complaint, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

J. A. Young, for appellants.
Albert G. McDonald, for respondent.

CULLEN, J. This action is brought to recover damages for the negligence of the defendants' testator, who passed the title to certain lands in Westchester county, examined by him at the instance of the plaintiff, who became the purchaser thereof. The plaintiff was ousted from the possession of his lands by the judgments in two actions of ejectment brought against him by Hawley D. Clapp and Nelly V. B. Clapp. The report of the decision of these two cases on appeal is found in 3 App. Div., at page 284, 38 N. Y. Supp. 1063. The defect in the title and the question of its effect were previously decided in Clapp v. McCabe, 84 Hun, 379, 32 N. Y. Supp. 425. The difficulty with the title is this: One Hawley D. Clapp, in 1861, was seised in fee of a tract of land, including the premises purchased by the plaintiff. He mortgaged the tract for $10,000 to Rachel S. Rogers. The mortgage was subsequently assigned to Elias H. Van Brunt. In August, 1863, he released to Clapp a portion of the mortgaged premises. Just here is the source of all the difficulty. Instead of particularly describing the premises released, the instrument releases "all the said mortgaged lands and property described in said mortgage, except the lands, premises, and property hereinafter mentioned and described, which are not released or intended to be released by this indenture, and which lands and premises and property not released or intended to be released by this indenture are described as follows, viz.: All that certain piece, parcel, or lot of land," etc.; that is to say, the instrument described by metes and bounds, not the premises released, as is usual in instruments of the kind, but the premises retained as subject to the lien of the mortgage. Afterwards Huldah H. Clapp, the wife of the mortgagor, became the assignee of the mortgage, and also the owner of the portion of the lands still remaining, subject to its lien. Hawley D. Clapp, the mortgagor, died in 1880, seised of the premises released from the mortgage, and by his will devised them to his widow and six children, share and share alike. In 1884, Huldah H. Clapp, the widow, instituted a foreclosure of the Rogers' mortgage, making her children and the executors of her husband parties thereto. At this time, Mrs. Clapp or her legal advisor must have fallen into the same error as that into which subsequent examiners of the title have fallen, and, misled by the form of the release, have believed that the premises of which a

description by metes and bounds was given in the instrument were released from the mortgage; while the fact was the exact reverse, and those were the only premises still subject to the mortgage. This is obvious, because at the time she owned both the mortgage and the premises described by metes and bounds in the release, and hence there could have been no occasion for a foreclosure. The material portions of the complaint in that foreclosure action, and also of the judgment entered therein, will be found in the report of the case of Clapp v. McCabe, supra, and therefore will not be repeated here. Under the decree of foreclosure, the plaintiff in the suit, Huldah H. Clapp, purchased the premises sold. Subsequently the title acquired by Huldah H. Clapp was vested in Mortimer R. Clapp, and from him the present plaintiff made his purchase. The defendants' testator was employed and paid for examining the title on this purchase. He made an abstract of the title, the last deed in which is the deed from Mortimer R. Clapp to the plaintiff. Following this is the statement: "Conveys the premises in question, and vests a good and perfect title of record in Edward G. Byrnes. Arthur T. Hoffman, Mamaroneck." On the trial of the action, at the close of the plaintiff's case, the court dismissed the complaint, on the ground that the plaintiff had not established negligence on the part of the attorney. A motion for a new trial on a case and exceptions was subsequently made and granted. From such order this appeal is taken.

There can be no question that an attorney is liable to his client for negligence in the discharge of his employment causing that client injury. "An attorney is also liable to his client for the consequences of his negligence and ignorance in matters not in litigation, * * * and particularly the searching the title of property offered to his client for purchase, or as security for a loan." 2 Shear. & R. Neg. § 574. The defendants' counsel does not challenge this proposition, but he asserts that the error of the defendants' testator in misconstruing either the description in the judgment of foreclosure, or incorrectly determining the binding effect of that judgment, was not negligence. It is undoubtedly true that an attorney is only bound to exercise the ordinary reasonable skill and knowledge of his profession, and is not liable for every error of judgment or opinion as to the law. "No attorney," said Abbott, C. J., "is bound to know all the law. God forbid that it should be imagined that an attorney or a counsel, or even a judge, is bound to know all the law; or that an attorney is to lose his fair recompense on account of an error, being such an error as a cautious man might fall into." This principle was held in Bowman v. Tallman, 3 Abb. Dec. 182, note. It is also true that the same rule that applies to the liability of an attorney in the conduct of a litigation is applicable to his liability in examining titles. He is certainly not a guarantor that the titles to which he certifies are perfect. He is only liable for negligence or misconduct in their examination. But, in determining the question of negligence on the part of an attorney in examining a title, it is necessary to bear in mind the marked difference between proper conduct in that employment and in a litigation. In a litigation a lawyer is well warranted in taking chances. To some extent litigation is a game of chance. The con-

duct of a lawsuit involves questions of judgment and discretion, as to which even the most distinguished members of the profession may differ. They often present subtle and doubtful questions of law. If in such cases a lawyer errs on a question not elementary or conclusively settled by authority, that error is one of judgment, for which he is not liable. But passing titles, as a rule, is of an entirely different nature. A purchaser of real estate is entitled not only to a good, but to a marketable, title; that is, a title free from reasonable doubt. Cambrelleng v. Purton, 125 N. Y. 510, 26 N. E. 907; Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905. In Jordan v. Poillon, 77 N. Y. 518, the court of appeals refused to compel a purchaser at a judicial sale to take title. Though the objection presented a mere question of law, the court declined to pass upon it, and determine it, in the absence of parties interested who would not be concluded by the decision. It is therefore the duty of a conveyancer to see that his client obtains a marketable title, and to reject titles involved in doubt, unless the client is fully informed of the nature of the risk, and is willing to accept it. A careful lawyer might readily advise a client that he was entitled to a piece of real property, and that it was proper to bring an action for its recovery, while at the same time he would unhesitatingly reject a title which involved the same question as to which he had advised a suit.

In this view of the duty of an attorney examining titles, we proceed to consider the question of law presented by the title of the plaintiff. There can be no question but the release showed distinctly what property was released by it, and that, by the release, the plaintiff's premises were discharged from the lien of the mortgage. Therefore no title to those premises can be traced through the foreclosure of the mortgage, unless the judgment granted. in that foreclosure was a binding adjudication of the right of the plaintiff to have the premises sold for the satisfaction of the mortgage, despite the fact that the mortgage no longer covered the premises. The complaint in the action clearly did not include the plaintiff's lands, for it alleged that Van Brunt had released a portion of the premises therein described from the lien of the mortgage, as would appear by reference to the release, the date and place of record of which were set forth. It was therefore only the lands still subject to the mortgage a sale of which was sought. I am inclined to differ from the learned referee who decided Clapp v. McCabe. He thought that a decree directed a sale of the lands described in the complaint, and subject to the mortgage. I think it directs a sale of the lands exempted from the mortgage, instead of those subject to the mortgage. At least, that that is the proper construction of the description of the premises, except so far as that construction is modified by the reference in the decree as to the release itself. I shall assume this to be the correct construction of the decree, for that is the most favorable view to the defendants. The case then presented is the effect of a decree directing the sale of certain lands, where the action is brought solely for the sale of other and different lands. The general rule, as stated by Mr. Freeman, is:

"The effect of every judgment or decree as an estoppel is ·restricted to such matters as might have been litigated under the pleadings. Thus, if plaintiff, in an action in relation to real estate, avers no title beyond his own life, the judgment rendered in his favor is not conclusive as to any greater title than he put in issue. The agreement of the litigants that matters not in issue may be given in evidence, and may be determined by the verdict of the jury, will not enlarge the effect of the judgment as an estoppel." 1 Freem. Judgm. 271.

In Campbell v. Consalus, 25 N. Y. 613, it was held that, to make the judgment in another action conclusive, it must appear by the record that the matter decided was put in issue by the pleading in that action, and that even an agreement between the parties would not enlarge the operation of a judgment on such verdict by the way of estoppel.

In Woodgate v. Fleet, 44 N. Y. 1, it is said by Judge Earl:

"A judgment is conclusive upon the parties thereto only in respect to the grounds covered by it, and the law and facts necessary to uphold it; and although a decree, in express terms, purports to affirm a particular fact or rule of law, yet if such fact or rule of law was material to the issue, and the controversy did not turn upon it, the decree will not conclude the parties in reference thereto."

See, also, People v. Johnson, 38 N. Y. 63.

The affirmance by the general term in Clapp v. McCabe proceeded on this ground: that the judgment could not be conclusive to matters not embraced within the pleadings, nor litigated. The very able opinion there delivered by Justice Brown reviews the leading authorities on the question, and clearly shows that the judgment was ineffective to authorize the sale of any lands other than those described in the complaint. I think that it appears from the cases cited, and from the doctrines laid down by the text writers, that the law as to the effect of the judgment in foreclosure was substantially settled prior to the time that this title was passed, and that the attorney was properly chargeable with knowledge of it. But assuming that in this I am in error, to say the least, the question was involved in the gravest doubt, and a careful attorney should not have assumed to pass a title involving so serious an objection. Moreover, I think that a jury might have found from the evidence that the error of the attorney was not in his construction of the terms of the judgment or mistake as to its binding effect, but in his failure to read attentively the release of mortgage. The abstract made up by the attorney was in evidence. The following is the reference made to the deed of the referee in foreclosure:

| "Nelson H. Baker, Referee, | Deed, Referee. |
| To | Date Feb. 1, 1882. |
| Huldah H. Clapp. | Ack. " " " |
| | Rec. " " " |
| | Liber 1020, P. 189. |

"Conveys the premises in question, by virtue of a sale under the above judgment, and excepts therefrom the part released, from said mortgage, by Elias H. Van Brunt, and described in Liber 508 of Mortgages, page 229."

This deed has precisely the same description as that contained in the decree of foreclosure. Under the construction of that description as I have given it, this statement as to the premises conveyed by it is entirely erroneous, for it conveyed the released lands, not the

mortgaged lands. If the description is to be construed as conveying the lands not released, then it did not include the plaintiff's purchase, and was not part of his chain of title. It thus appears that, whichever view the attorney took of this description, he must have been under the belief that the lands described in the release by metes and bounds were those released from the mortgage, not those retained by its liens. This, evidently, was the foundation of his error, and could have only occurred from a careless reading of the instrument of release. I think it can hardly be denied that a fault of this kind would constitute negligence. There is nothing in the abstract to show that the question of law, as to the effect of the judgment, was ever considered or decided by the attorney.

The objection that the plaintiff's motion for a new trial was made too late would have been good had it not been waived. The intention of the limitation prescribed in section 1002 of the Code of Civil Procedure is to prevent the unsuccessful party having any longer time in which to review an adverse judgment by a motion for a new trial than he would have by an appeal from the judgment. But the defendants admitted "due and timely service of notice of the motion." This operated as a waiver of the objection that the motion was made too late. In Stevenson v. McNitt, 27 How. Prac. 335, it was held that the right to dismiss an appeal brought after the expiration of the time allowed by law was waived by laches in moving to dismiss. In Staats v. Garrett, 21 Wkly. Dig. 39, a notice of appeal was served too late, but the respondent subsequently gave an extension of time to serve case on appeal. It was held that the right to dismiss the appeal was waived. In Stubbs v. Stubbs, 11 Wkly. Dig. 244, a failure for two terms to move to dismiss an appeal brought too late was held a waiver of the right to dismiss. The case before us is much stronger for the respondent than those cited. An objection that the time to move for a new trial or to appeal has expired does not go to the jurisdiction of the court, but only to the regularity of the proceedings. Hill v. Burke, 62 N. Y. 111.

The order appealed from should be affirmed, with costs. All concur.