Donald S. Taylor, J.
The plaintiff, as a trustee for certain bondholders, brings this suit to foreclose a mortgage on real and personal property. Only the defendants, Charles M. Francisco and Jessie B. Francisco, as executors of the last will and testament of Charles M. Francisco, deceased- — -necessary parties only to cut off any claim which they might have by reason of a chattel ¿mortgage covering the same personal property subsequently executed by the owner of the equity of redemption to their testator (Civ. Prac. Act, § 1079) — have interposed an answer. They deny therein any knowledge or information sufficient to form a belief as to the salient allegations of the complaint. The plaintiff moves for summary judgment and to strike out their answer pursuant to rule 113 of the Rules of Civil Practice. The answering defendants have defaulted on the motion. To this extent it is granted.
The trust instrument which is the subject of the action reads, in part, as follows: “ (g) The trustee may receive the advice of its own attorney at the expense of the party of the first part,” and 1 ‘ (h) The party of the first part [mortgagor] agrees, to pay to the trustee reasonable compensation for its services from time to time to reimburse the trustee for all counsel fees, compensation of agents, and other expenditures made by the trustee hereunder, with interest thereon and * * * for such * * * reimbursement and payment of trustee’s compensation a first lien is hereby imposed in favor of the trustee upon all the property hereby mortgaged.” Bottomed on these provisions the plaintiff in its motion for summary judgment also seeks to have added to the amount found to be due pursuant to other terms of the mortgage the sum of $2,500 for its services as trustee and for counsel fees. The complaint contains no allegations delineating the services which it performed and their reasonable worth. Nor does it allege any facts from which it appears that the plaintiff received the advice of its own attorney or paid any counsel fees therefor in the course of the administration of the trust for which it would be entitled to reimbursement.
*735 It is well settled that against an owner of the equity of redemption in default a plaintiff seeking foreclosure and sale of mortgaged premises cannot obtain a more favorable judgment than is justified by the allegations of the complaint. (Civ. Prac. Act, § 479; Slote v. Cascade Holding Corp., 276 N. Y. 239, 244-245; Jasper v. Rozinski, 228 N. Y. 349, 357; Kelly v. Downing, 42 N. Y. 71; Bailey v. Ryder, 10 N. Y. 363, 370; Sivakoff v. Sivakoff, 280 App. Div. 106; C. G. Swackhamer Inc. v. P. F. L. Const. Corp., 285 App. Div. 841; Clapp v. McCabe, 84 Hun 379, affd. 155 N. Y. 525; cf. Civ. Prac. Act, § 1087.) This rule applies to summary judgment procedure. (Renol Holding Corp. v. Lankenau, 116 N. Y. S. 2d 861.) Since this complaint pleads no factual bases for the awards now sought, the court is powerless to include them in the decree. (Civ. Prac. Act, §§ 1512, 1512-a, 1513; Miss Susan, Inc. v. Enterprise & Century Undergarment Co., 270 App. Div. 747, 750, affd. 297 N. Y. 512; Buttery v. Maribert Realty Corp., 234 App. Div. 424, 426, affd. 260 N. Y. 554; Dicianni v. Wrong, 224 App. Div. 621.) This branch of the motion is therefore denied.
The order accordingly has been signed.