OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of the Supreme Court which dismissed the third-party complaint, reinstated.
This action was commenced by plaintiff against her former attorneys, defendants and third-party plaintiffs, Sharretts, Paley, Carter & Blauvelt, P. C. (“Paley”), to recover damages as a result of legal malpractice in advising her to enter into a 1978 agreement in settlement of a dispute over the alleged mismanagement of the family trust. The agreement had designated plaintiff a cotrustee with her mother and sister, provided her with a salary as an officer with the Century Paramount Hotel, one of the principal assets of the trust, and gave her the right to an informal accounting to determine if she had received equal treatment with her sister in distributions. Additionally, the mother agreed to exercise a power of appointment in a marital deduction trust in her favor. In return, plaintiff waived any right to a judicial accounting and agreed not to proceed against the trustees for mismanagement.
Subsequently, plaintiff retained the third-party defendants, Hawkins Delafield & Wood (“Hawkins”), as her attorneys, and they advised her that there were serious legal questions, not only with regard to her appointment as cotrustee, but also as to the original appointment of her mother and sister. They also stated that, since, at the time of her appointment, plaintiff had knowledge of possible mismanagement by the trustees, she had potential liability for failing to seek a judicial accounting, especially since the settlement agreement had been entered into without any proper authorization on behalf of her niece, a contingent remainderman, who was then an infant. As a result, Hawkins advised her to petition the court for instructions and directions as to her status and duties as trustee, for a ruling as to the appointment of her mother, sister and herself as cotrustees and for a judicial accounting.
The special proceeding for instructions and this malpractice action against Paley were commenced in June 1979. Paley *738 thereafter served a third-party complaint, alleging that Hawkins had “failed to exercise due care and sound professional judgment in advising Rosner” and, inter alia, that “[s]he should petition the Court for instructions and directions with respect to her status and duties as a co-Trustee.” Special Term granted a motion to dismiss the third-party complaint, pursuant to CPLR 3211 (a) (7), holding that it failed to state a cause of action for malpractice. The Appellate Division, with two Justices dissenting, reversed.
We disagree. Contrary to the holding of the majority in the Appellate Division, whether the pleading was sufficient to state a cause of action for legal malpractice posed a question of law which could be determined on a motion to dismiss. Under the circumstances of this case, when Hawkins advised plaintiff to seek judicial instruction, there was a distinct possibility of potential liability, especially in view of the high standard imposed upon a fiduciary. (See, Meinhard v Salmon, 249 NY 458, 464; Matter of Rothko, 43 NY2d 305, 320; see also, Rosner v Caplow, 105 Misc 2d 592, mod 90 AD2d 44, affd 60 NY2d 880.) Therefore, as a matter of law, the legal advice was not malpractice.
Construing the third-party complaint liberally in favor of the third-party plaintiffs, it alleges no more than an error of judgment by Hawkins, which does not rise to the level of malpractice. (See, Byrnes v Palmer, 18 App Div 1, 4, affd 160 NY 690; Grago v Robertson, 49 AD2d 645, 646; Parksville Mobile Modular v Fabricant, 73 AD2d 595, 600.) While Paley poses several other alternatives which might have been pursued by Hawkins, selection of one among several reasonable courses of action does not constitute malpractice. (See, Byrnes v Palmer, supra; cf. Pike v Honsinger, 155 NY 201, 210.)
In determining whether a valid third-party claim for contribution exists, the critical issue is whether the third-party defendant owed a duty to the plaintiff which was breached and which contributed to or aggravated plaintiff’s damages. We observed in Rogers v Dorchester Assoc. (32 NY2d 553, 564): “The rule of apportionment applies when two or more tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omissions in causing an accident, in violation of the duties they respectively owed to the injured person.” (See also, Barry v Niagara Frontier Tr. Sys., 35 NY2d 629, 633; Nolechek v Gesuale, 46 NY2d 332, 342 [Gabrielli, J., concurring].) This same rationale was followed in Schauer v Joyce (54 NY2d 1), where the issue was whether there had been allegations of a *739 breach by the defendant and third-party defendant of their respective duties owed to the plaintiff, which contributed to her ultimate injuries. The situation in this case, however, is different in that the third-party complaint fails to allege any breach of duty by appellants giving rise to a cognizable claim for malpractice.
Accordingly, we reverse and reinstate the order of the Supreme Court which had dismissed the third-party complaint.
Judges Jasen, Meyer, Simons, Kaye, Alexander and Kassal* concur; Chief Judge Wachtler and Judge Titone taking no part.
Order reversed, with costs, and order of Supreme Court, New York County, reinstated in a memorandum. Question certified answered in the negative.

Designated pursuant to NY Constitution, article VI, § 2.