HELEN SCHIFF, Plaintiff, *v.* ALVEE SPORTSWEAR Co., INC., et al., Defendants.

Supreme Court, Special Term, Kings County, February 6, 1950.

*Joseph M. Schwartz* for plaintiff.

*Max Ander* for Alfred Schiff, defendant.

*Samuel Bearman* for Theodore Ain, defendant.

BELDOCK, J.   Two motions: (1) plaintiff moves (a) to strike out the special notice of appearance interposed by defendant Alfred Schiff and for leave to add as a party defendant a trustee in bankruptcy appointed after the institution of this action, (b) to amend the title of the action accordingly, and (c) for permission to issue a supplemental complaint; (2) defendant Schiff by cross-motion seeks to set aside the service of the summons and complaint upon him on the ground that the court lacks jurisdiction of his person.

The action is brought by a judgment creditor to set aside the transfer by defendant Schiff of a wholesale business, including the stock, fixtures, leasehold, accounts receivable and other personal property, on the ground of fraud.   Defendant Schiff was served with the summons and complaint in Los Angeles, California.   The question presented for determination on the jurisdictional phase of this motion is whether this service comes within the purview of section 235 of the Civil Practice Act. The pertinent part of that section, as amended in 1949 (L. 1949, ch. 185, eff. September 1, 1949) provides: " A defendant in any case specified in section two hundred thirty-two, or a defendant domiciled in the state, may be served with the summons without an order, without the state in the same manner as if such service were made within the state, * * *."

The defendant contends that under that section, service of a summons and complaint in the type of action here involved can be effected outside of the State of New York only upon a *resident* of New York.   He urges that he has been a bona fide resident of and domiciled in California since April of 1949 and offers supporting proof as to such residence.   The status of this defendant as a resident of California is not seriously challenged and for the purposes of this motion, it is assumed that such residence is established.

In determining whether this action was properly instituted, it is necessary to examine section 232 of the Civil Practice Act which must be read together with section 235 of the act (*Consolidated Razor Blade Co.* v. *Everest,* 74 N. Y. S. 2d 195).   Subdivision 2 of section 232 specifies an action " Where the complaint demands judgment * * * *otherwise affecting the title to such property* " [emphasis added].   In the instant action, the complaint demands judgment affecting the title to

personal property within this State and the court acquired jurisdiction in rem upon personal service of the defendant in California, although he may not be a resident of New York. See *Cohen* v. *Shaine* (57 N. Y. S. 2d 180) where the court held that an action to set aside an alleged fraudulent transfer of shares of stock in a domestic corporation to a defendant living outside the State was in the nature of a " proceeding in rem ". It follows that this court has jurisdiction of the defendant Schiff.

Plaintiff's motion to set aside the special notice of appearance is granted. Defendant's cross-motion to set aside the service of the summons and complaint is denied, with leave to that defendant to serve an answer within ten days after service of a copy of the order to be entered herein with notice of entry thereof.

Since the complaint does not contain allegations entitling plaintiff to a judgment in personam, there is no necessity for a reservation of defendant's right to object to the jurisdiction of this court in respect to any judgment in personam and, therefore, his request for such a reservation is denied.

There being no opposition to (b) and (c) of plaintiff's motion, the relief therein sought is granted.

Settle order on notice.