Arthur D. Brennan, J.
This is an action by the plaintiff against her husband, who, though named as a party defendant, was not served, and against the other named defendants, to set aside, as fraudulent, a bill of sale, made October 28, 1952, whereby the plaintiff’s husband sold and transferred to his father his copartnership interest. It may be noted that although the said husband was a nonresident of this State, he could have been served personally without the State or by publication. (Schiff v. Alvee Sportswear Co., 197 Misc. 587.)
There is no allegation contained in the complaint herein nor was there any proof adduced upon the trial that any claim which the plaintiff had or has against her husband was reduced to judgment. "While it is no longer necessary that a judgment be obtained to support an action to vacate and set aside a fraudulent conveyance, nevertheless, such an action may not be maintained (upon a claim which has not been reduced to judgment) without the debtor being present before the court as a party. A creditor may not maintain an action to establish a debt against his alleged debtor, to annul the debtor’s conveyances, and appropriate his property to the payment of the creditor’s alleged debt without making the debtor a party to the action wherein the relief is sought. (Swan Land & Cattle Co. v. Frank, 148 U. S. 603; Chadbourne v. Coe, 51 F. 479; Osan Lumber Co. v. Davis Sewing Mach. Co., 283 F. 436.) Such an action may be maintained by a creditor solely against a transferee, where the claim has been reduced to judgment and it appears that the conveyance is absolute on the face thereof. (First Nat. Bank v. Shuler, 153 N. Y. 163; Kineon v. Bonsall, 194 App. Div. 110, affd. 232 N. Y. 624.)
While no objection based upon the failure to serve the husband as an indispensable party defendant herein has been raised in the case at bar, the court is nevertheless required to dismiss the complaint, without prejudice, as against those defendants who have appeared. (Civ. Prac. Act, § 180.)
Accordingly, the court is constrained to and does dismiss the complaint herein, without prejudice, and without costs.
Settle judgment on notice.