Marcus G. Christ, J.
Motion for an order staying arbitration of claims arising out of the diamond business.
The petitioner is a member of the respondent, Diamond Dealers Club, Inc. (hereinafter called the club). By the terms of the application for membership, the petitioner agreed to abide by the by-laws of the club. One of the by-laws admittedly provides that “ any member having any claim arising out of the diamond business against another member or group of members, must bring his complaint before the Board of Arbitrators for arbitration. ’ ’
The respondents, other than the club, are dealers in diamonds. They have filed a complaint with the club concerning certain transactions between the petitioner and a corporate dealer, Ipekdjian, Inc. which allegedly resulted in a loss to them of $336,489.13.
Pursuant to the by-laws, the club notified the petitioner of a pre-arbitration meeting on September 4, 1958 to be held for conciliation purposes. According to the notice the meeting was to consider “your (petitioner) activities in relation to your transactions with Ipekdjian, Inc.” The petitioner refused to participate in the conciliation meeting or to “ sign a submission and agreement to arbitrate ” as provided by the by-laws in the event conciliation efforts were unsuccessful.
Later (Sept. 17, 1958), after the answer was interposed in this proceeding, the club forwarded to the petitioner a copy of the proposed subject of arbitration in which it stated that “ John Gray is an active partner in the firm of Adolphe Adler, which purchased and conspires to purchase $1,246,000. worth of diamonds from Ipekdjian, Inc.” At the time these purchases were made, John Gray and the firm of Adolphe Adler knew (1) that Ipekdjian, Inc. was insolvent, (2) that Ipekdjian, Inc. was purchasing these diamonds on credit and (3) Ipekdjian, Inc. *416 was defaulting in payments therefor. In addition, at the time these purchases were being made, false representations as to the solvency of Ipekdjian, Inc. were made to creditors by said John Gray, resulting in damages to said creditors.
It is the petitioner’s contention that the claims against him may not be arbitrated. Not all of the arguments in support of that contention will be discussed. To intelligently consider the questions involved, however, it is necessary to give a brief statement of the facts.
The members of the club are diamond dealers in New York City. They buy and sell to each other with many of the sales on credit. Ipekdjian, Inc., a dealer in diamonds, commenced to purchase diamonds about 18 months ago, giving notes for its purchases. Until July of 1958 those notes had been paid on their due dates. In that month several members of the club were not paid on notes due on July 7 and 8. They complained to the club. An investigation revealed that Ipekdjian, Inc. had been selling the diamonds for cash at a lower price than it purchased them on credit. Needless to say, such transactions resulted in financial difficulties for Ipekdjian, Inc. A committee of creditor respondents ascertained that the principal purchaser of the diamonds for cash from Ipekdjian, Inc. was the petitioner’s firm, Adolphe Adler. The committee negotiated with the petitioner to pay a part of the sums due the creditor respondents on the ground that the petitioner was actually aware that Ipekdjian’s purchases were on credit at a higher price than he was paying for them. These negotiations were unsuccessful. The committee was more successful with the Ipekdjian family, some of whose members were officers of Ipekdjian, Inc. Of the $720,000 due the creditor respondents, the Ipekdjian family agreed to pay $385,000 to settle the claims against the corporate Ipekdjian. This settlement was made without prejudice to any claims which the creditor respondents might have for the balance against the petitioner or his firm.
The court concludes after considering the papers submitted that the petitioner is correct in opposing arbitration of the claims of the creditor respondents. First, only individuals may be members of the respondent Diamond Dealers Club, Inc. and therefore those respondents who do not fall into that category may not arbitrate their claims. (A similar decision was made in Adler v. A. & M. Diamond Corp., N. Y. L. J., Sept. 23, 1958, p. 11, col. 8.) Second, as to those claims made by members, not any dispute may be arbitrated. A dispute must be such that it “ may be the subject of an action” (Civ. Prac. Act, § 1448; *417 Matter of Burkin [Katz], 1 N Y 2d 570) before submission may be required. Here, the creditor respondents have released Ipekdjian, Inc. Therefore, they may not maintain an action against said corporation. Without the presence of Ipekdjian, the creditors may not maintain an action against the petitioner or his firm under the Debtor and Creditor Law. “ A creditor may not maintain an action to establish a debt against his alleged debtor, to annul the debtor’s conveyances, and appropriate his property to the payment of the creditor’s alleged debt without making the debtor a party to the action wherein the relief is sought ” (Ranno v. Ranno, 2 Misc 2d 940, 941 and cases cited). The creditor respondents contend that their claim is based on the alleged tortious conduct of the petitioner but they do not support their contention of an actionable tort with any authorities. To the contrary, the petitioner cites authorities which hold that no action in tort is available (Bartol v. Bennett, 56 N. Y. S. 2d 314; Sussman v. Sussman, 115 N. Y. S. 2d 252). Therefore, as actions would not be maintainable against the petitioner either under the Debtor and Creditor Law or in tort, the claims of the creditor respondents are not subject to arbitration.
Motion granted.
Short-form order signed.