■ PROMETHEUS BOOKS, Respondent, v RUSSICA BOOK AND ART SHOP, INC., et al., Appellants. — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Defendants appeal from an order which denied their motions to dismiss plaintiff's complaint pursuant to CPLR 3211 and for a protective order, ordered examinations before trial to proceed pursuant to plaintiff's notice, and granted plaintiff's cross motions to strike defendants' affirmative defense of lack of jurisdiction and leave to serve an amended complaint in the form annexed to the cross motion.

By letter agreement dated November 1, 1981, plaintiff and Russica Publishers, Inc., agreed to copublish a book authored by Harvey Rosenfeld and titled "Raoul Wallenberg: Angel of

Mercy", and Russica Publishers, Inc. agreed to purchase 2,000 copies of the book at a discount of 55% off list price. Plaintiff alleges that in May, 1982 it delivered 2,200 copies of the book to Russica Publishers, Inc., at 799 Broadway in New York City and submitted its invoice therefor, but was never paid.

We are here concerned with three actions brought by plaintiff in Erie County. Action No. 1, for money damages of $19,756 for goods sold and delivered, was brought against Russica Publishers, Inc. in October, 1982 and judgment was entered by default in February, 1983. Execution on the judgment was returned unsatisfied in April, 1983. The judgment was vacated in September, 1983 on condition that defendant file a bond in the amount thereof, but the bond has not been filed.

Action No. 2 was brought in May, 1983 against Harvey Rosenfeld and Russica Book & Art Shop, Inc. It sought judgment declaring the rights of Harvey Rosenfeld to royalties and a determination as to whether the books had actually been sold to Russica Book & Art Shop, Inc., and, if so, a money judgment against that corporation for $19,756.

The motions and cross motions giving rise to the order appealed from are in action No. 3 which was commenced in June, 1983 against defendants Russica Book & Art Shop, Inc., and David Daskal. The complaint, which alleges that Daskal was a principal or officer of Russica Publishers, Inc., asserts that the assets of Russica Publishers, Inc. were fraudulently conveyed either to defendant Russica Book & Art Shop, Inc. or to defendant Daskal. The action seeks $25,000 actual damages, $25,000 punitive damages and an order setting aside the transfer of the books to either or both defendants.

Initially, we reject defendants' contention that action No. 3 should have been dismissed because of another action pending. While there is some identity of parties in actions Nos. 2 and 3, there is no identity of causes of action in the three actions (*Forget v Raymer*, 65 AD2d 953). Although the proposed amended complaint in action No. 3 sets forth a cause of action for nonpayment for goods sold and delivered which may be said to be duplicative of the relief sought in action No. 2, the motion was one addressed to the discretion of Special Term (CPLR 3211, subd [a], par 4; *Whitney v Whitney*, 57 NY2d 731), and since there are additional defendants in both actions, the court did not abuse its discretion in denying the motion.

Nor is there any merit to defendant's argument that because of the judgment in action No. 1, plaintiff should be collaterally estopped from claiming that any entity other than Russica Publishers, Inc. is the real party in interest. That issue has

never been litigated and, in any event, the judgment in action No. 1 would be relevant to establishing a fraudulent conveyance in action No. 3. In the circumstances we see here, the doctrine of collateral estoppel should not be invoked (*Gilberg v Barbieri*, 53 NY2d 285; *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65).

We also reject defendants' argument that neither the complaint nor the proposed amended complaint in action No. 3 states a cause of action. The plaintiff must be given the benefit of every favorable inference to be drawn from the pleading (*Rovello v Orofino Realty Co.*, 40 NY2d 633) and the necessary elements of a cause of action under article 10 of the Debtor and Creditor Law (see *Loblaw, Inc. v Wylie*, 50 AD2d 4) can be spelled out from the complaint. Similarly without merit is defendants' claim that Russica Publishers, Inc., now defunct, is a necessary party defendant (CPLR 1001, subd [a]; *Carruthers v Waite Mining Co.*, 306 NY 136).

Special Term correctly granted plaintiff's motion to dismiss the affirmative defense of lack of jurisdiction. The affidavits of service of process upon these defendants were not contravened and thus a hearing was not required.

We further find that defendants' application for a protective order was properly denied. That a party is required to travel from New York City to Buffalo for an examination before trial is not a sufficient showing of hardship.

Finally, since service of an amended complaint extends defendants' time to answer (CPLR 3025, subd [d]), the order requiring compliance with plaintiff's previously noticed examination before trial was premature (CPLR 3106, subd [a]). Thus paragraph numbered 3 of the order must be deleted. (Appeal from order of Supreme Court, Erie County, Francis, J. — dismiss complaint.) Present — Dillon, P. J., Green, O'Donnell, Moule and Schnepp, JJ.