■ BRAUN FARMS, INC., et al., Respondents, v LEONARD GOLDMAN, Defendant, and BRUCE GOLDMAN, Appellant. [745 NYS2d 469] —In an action to set aside a fraudulent conveyance and for an accounting, the defendant Bruce Goldman appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered June 7, 2001, which, after a nonjury trial, is in favor of the plaintiffs and against him in the principal sum of $68,157.

Ordered that the judgment is affirmed, with costs.

In March 1993 the nonparty corporation, Bella Lane Farms, Inc. (hereinafter BLF), executed installment notes in excess of $400,000 in favor of the plaintiffs in connection with BLF's purchase of the plaintiffs' business. BLF also executed chattel mortgages against, inter alia, its accounts receivable to secure payment of the notes.

On June 1, 1998, the defendant Leonard Goldman, president

and sole shareholder of BLF, executed, in his individual and representative capacities, an assignment transferring all of BLF's outstanding accounts receivable to his son and vice-president of BLF, the appellant, Bruce Goldman. The assignment was purportedly made to the appellant as consideration for a $60,000 loan to BLF, and as compensation for commissions amounting to approximately $38,000 he earned but never received. Further, the assignment to the appellant was not conditioned upon his payment of the debt owed by BLF to the plaintiffs. It is undisputed that BLF was insolvent in May 1998 and ceased operations in June 1998. There was no documentation of the amount that BLF allegedly owed to the appellant.

The plaintiffs subsequently commenced a separate action against BLF and obtained a default judgment against it in the principal sum of $340,849.01. The plaintiffs then commenced this action, inter alia, to set aside the assignment to the appellant as fraudulent. After a nonjury trial, the Supreme Court entered judgment in favor of the plaintiffs and against the appellant.

Contrary to the appellant's contention, BLF, a defunct corporation, is not a necessary party to this action since the plaintiffs obtained a money judgment against it, and the challenged conveyance was absolute (see CPLR 1001 [a]; 1003; *Prometheus Books v Russica Book & Art Shop,* 105 AD2d 1138; *Ranno v Ranno,* 2 Misc 2d 940).

Further, the evidence was sufficient to support the trial court's determination the conveyance to the appellant was fraudulent (see *AMEV Capital Corp. v Kirk,* 180 AD2d 775, 776-777; *Century 21 Constr. Corp. v Rabolt,* 143 AD2d 873; *Polkowski v Mela,* 143 AD2d 260).

The appellant's remaining contentions are without merit. O'Brien, J.P., H. Miller, Schmidt and Cozier, JJ., concur.