■ ESTHER ARONSON RIBACK et al., Appellants, v NAIM MAR-GULIS, Respondent. [842 NYS2d 54]—In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside the transfer of assets as fraudulent, which was transferred to the Surrogate's Court, Kings County for disposition by order of the Supreme Court, Kings County (Johnson, J.), dated May 3, 2006, which referred to a pending proceeding in the Surrogate's Court under file No. 2314/03, the plaintiffs appeal from an order of the Surrogate's Court, Kings County (Lopez-Torres, S.), dated October 2, 2006, which granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and pursuant to CPLR 3211 (a) (10) for failure to join a necessary party.

Ordered that the order is affirmed, with costs.

Although in assessing a motion to dismiss made pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and are accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration (*see Morone v Morone,* 50 NY2d 481 [1980]; *Gershon v Goldberg,* 30 AD3d 372, 373 [2006]; *Mohan v Hollander,* 303 AD2d 473 [2003]). The Surrogate's Court properly determined that the speculative and conclusory allegations of the complaint failed to state a cause of action pursuant to Debtor and Creditor Law § 273, and failed to state a cause of action to recover damages for misappropriation. Under the circumstances of this case, the Surrogate's Court also properly concluded that dismissal was warranted based upon the plaintiffs' failure to join a necessary party to the action (*see* CPLR 1001 [a]; 3211 [a] [10]; *Braun Farms v Goldman,* 296 AD2d 472, 473 [2002]; *Ranno v Ranno,* 2 Misc 2d 940 [1956]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.