Eagle Eye Collection Corp. v Shariff (2021 NY Slip Op 00385)





Eagle Eye Collection Corp. v Shariff


2021 NY Slip Op 00385


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 160277/18 Appeal No. 12953 Case No. 2019-05031 

[*1]Eagle Eye Collection Corp., Plaintiff-Appellant,
v
Rasul Shariff et al., Defendants-Respondents.


DiResta Law Group, PC, Long Beach (Timothy DiResta of counsel), for appellant.
David A. Kaminsky & Associates, P.C., New York (Thuy Q. Pham of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 16, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' CPLR 3211(a)(1) and (7) motion to dismiss the complaint's first and second causes of action respectively for violation of Debtor and Creditor Law §§ 273-a and 273, unanimously affirmed, with costs.
Plaintiff alleges that, in March 2016, it brought a collection action against a nonparty debtor in Supreme Court, Nassau County. The debtor owned the condominium unit in which defendants were tenants. At some point in 2016, the debtor's mortgage lender commenced a foreclosure proceeding against her. In October 2016, the debtor conveyed the unit to nonparty NYC REO LLC (REO), for nominal stated consideration, giving a deed in lieu of foreclosure. Plaintiff alleges that defendants were aware both of its collection action against the debtor and that the debtor was in foreclosure. Plaintiff asserts that defendants negotiated with the mortgage lender to engineer the October 2016 conveyance to REO as a straw purchaser. In April 2017, REO conveyed the unit to defendants.
This case is decided under Debtor and Creditor Law article 10, in effect before April 4, 2020. Viewing the record, as amplified by the papers submitted on the motion, in the light most favorable to plaintiff (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]), plaintiff has failed to adequately plead a claim for fraudulent conveyance under Debtor and Creditor Law § 273-a. First, the debtor's conveyance of something for value to extinguish a mortgage was made "in payment of an antecedent debt, and cannot constitute a fraudulent conveyance under [Debtor and Creditor Law § 273-a]" (Ronga v Chiusano, 97 AD2d 753, 753 [2d Dept 1983]). Additionally, while plaintiff alleges that the deed in lieu of foreclosure was not a "fair equivalent" of the mortgage debt being satisfied (In re Sharp Intl. Corp., 403 F3d 43, 53-54 [2d Cir 2005]), "plaintiffs' mere belief that [the debtor] transferred assets to Investment Banking without fair consideration does not suffice" (Jaliman v D.H. Blair & Co. Inc., 105 AD3d 646, 647 [1st Dept 2013]). "[S]peculative and conclusory allegations" do not state a claim for constructive fraud under the Debtor and Creditor Law (Riback v Margulis, 43 AD3d 1023, 1023 [2d Dept 2007]). 
Because of these factors, the initial transfer from the debtor to REO is not actionable. Since the initial transfer is not actionable, the subsequent transfer to defendants, who "derived title immediately or mediately" from a good faith purchaser for value, is also not actionable (Debtor and Creditor Law § 278).
Moreover, plaintiff claims that defendants first learned of its collection action against the debtor when plaintiff served her with process at the unit in December 2016. Plaintiff asserts that, once they learned of plaintiff's collection action, defendants contacted the [*2]debtor's mortgage lender to engineer a conveyance to REO as a straw purchaser, followed by the conveyance to defendants. By December 2016, however, it is undisputed that the debtor had already transferred the unit to REO. Thus, even under plaintiff's version of the facts, defendants learned of the collection action after the mortgage lender had already taken the deed in lieu of foreclosure in satisfaction of the antecedent mortgage. Defendants cannot have acted in bad faith to engineer a transfer to a straw purchaser two months before they even learned of the transaction they were supposedly seeking to avoid.
Plaintiff's claim under section 273 suffers from the same defects as its claim under section 273-a. First, plaintiff's conclusory allegation of insolvency does not suffice to support its claim under Debtor and Creditor Law § 273 (see Riback, 43 AD3d at 1023). Second, to the extent that plaintiff alleges that the debtor was insolvent at the time of either conveyance, "a conveyance which satisfies an antecedent debt made while the debtor is insolvent is neither fraudulent nor otherwise improper" (Ultramar Energy v Chase Manhattan Bank, 191 AD2d 86, 90-91 [1st Dept 1993]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021