█ DANIEL HOLSCHAUER, Appellant, v MARK A. FISHER, Respondent. [772 NYS2d 836]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated August 1, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a physician, was charged with professional misconduct by the New York State Department of Health Office of Professional Medical Conduct (hereinafter the OPMC), in that he, among other things, allegedly had sexual relations with women upon whom he had performed abortions and lied concerning his history of drug abuse on applications for hospital privileges. After the disciplinary hearing commenced, the defendant attorney negotiated a settlement with the OPMC, whereby the plaintiff admitted to some of the charges against him. He agreed, inter alia, to a one-year suspension of his license to practice medicine, with 10 months of that suspension stayed, a five-year probationary period thereafter, and a two-year period during which he would be monitored by a practice supervisor.

The plaintiff commenced this action to recover damages for legal malpractice, claiming that he was unable to get approval for a practice supervisor and that the defendant should have negotiated a better settlement for him by obtaining pre-approval of a practice supervisor. He claimed that if his license had been revoked, he could have reapplied for a license after three years and would be in a better position than he is now. The Supreme Court granted the defendant's motion for summary judgment. We affirm.

To recover damages for legal malpractice, the plaintiff must demonstrate, inter alia, that the attorney's breach of professional duty caused the plaintiff's actual damages (*see McCoy v Feinman,* 99 NY2d 295, 301-302 [2002]). Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action (*see Pellegrino v File,* 291 AD2d 60 [2002]).

The defendant reviewed his strategy with the plaintiff, who chose to accept the OPMC's offer to settle the case because a disciplinary hearing would most likely have resulted in revocation of the plaintiff's license to practice medicine. The fact that the plaintiff subsequently was unhappy with the settlement obtained by the defendant does not rise to the level of legal malpractice (*see Rosner v Paley,* 65 NY2d 736, 738 [1985]; *Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232, 235-236 [1989]). While the plaintiff poses an alternative strategy which might have been pursued by the defendant, the "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley, supra* at 738).

The plaintiff's contention that he would be in a better position if his license had been revoked since he could have reapplied for a license after three years is speculative and conclusory (*see Pellegrino v File, supra*), as there was no guarantee that the OPMC would have granted him a new license after three years (*see InKine Pharm. Co. v Coleman,* 305 AD2d 151, 154 [2003]). Altman, J.P., Luciano, Adams and Cozier, JJ., concur.