■ HEATHER WALD, Appellant, v BARBARA J. BERWITZ et al., Defendants, and MICHAEL DIKMAN, Respondent. [880 NYS2d 293]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered February 11, 2008, which granted the motion of the defendant Michael Dikman pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, "accepting as true the factual averments of the complaint and according the plaintiff every benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts stated" (*Malik v Beal,* 54 AD3d 910, 911 [2008]; *see Simmons v Edelstein,* 32 AD3d 464, 465 [2006]; *Manfro v McGivney,* 11 AD3d 662, 663 [2004]).

To prevail in an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain "actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *see AmBase Corp. v Davis Polk & Wardwell,* 8 NY3d 428, 434 [2007]). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (*Holschauer v Fisher,* 5 AD3d 553, 554 [2004]).

Here, the complaint fails to allege facts sufficient to establish that the alleged negligence of the defendant Michael Dikman proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442; *see Cummings v Donovan,* 36 AD3d 648 [2007]). Accordingly, the Supreme Court correctly determined that the plaintiff failed to sufficiently plead a cognizable cause of action against the defendant Michael Dikman to recover damages for legal malpractice (*see* CPLR 3211 [a] [7]). Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.