■ IMADUDDIN SYED HASHMI et al., Respondents, v NABIL MESSIHA et al., Defendants, and MORRIS, DUFFY, ALONSO & FALEY, Appellant. [886 NYS2d 712]—

In an action, inter alia, to recover damages for legal malpractice, the defendant Morris, Duffy, Alonso & Faley appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated April 7, 2008, as denied its motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellant's motion to dismiss the complaint insofar as asserted against it is granted.

On October 5, 2005 the defendant Nabil Messiha, individually, as administrator of the estate of Sahar Messiha, and as father and natural guardian of Christine Messiha and Joseph Messiha (hereinafter Messiha), commenced a medical malpractice action (hereinafter the medical malpractice action) against the plaintiffs, among others, alleging that they were negligent in the treatment of the decedent Sahar Messiha (hereinafter Sahar), when she presented herself for treatment at the emergency room of the Staten Island University Hospital (hereinafter the Hospital) on March 7, 2004. The medical malpractice action is pending in the Supreme Court, Kings County.

On October 18, 2005 the defendant law firm Morris, Duffy, Alonso & Faley (hereinafter the appellant) was retained by the plaintiffs' medical malpractice insurance carrier to defend them in the medical malpractice action. According to the relevant allegations in the complaint in the instant action, almost immediately after the appellant was retained, but prior to November 7, 2005, the individual plaintiff Imaduddin Syed Hashmi (hereinafter Hashmi) requested that Patricia E. Permakoff, the attorney assigned by the appellant to defend him, make a motion to dismiss the complaint in the medical malpractice action insofar as asserted against him on the ground that he never physically worked at the Hospital, but she allegedly refused to do so. Significantly, Hashmi does not deny that he was aware, prior to consulting with Permakoff, that his brother, Kabeerudin Hashmi, was the physician who was actually present at the Hospital and treated Sahar, but that he did not inform her of that fact. On November 7, 2005, approximately three weeks after the appellant assumed Hashmi's defense in the medical malpractice action, the defendant New York Post

published an article identifying Hashmi as the "Death Sentence Doc" in the underlying malpractice action.

Thereafter, the plaintiffs commenced this action against the appellant, as well as, among others, the New York Post and Messiha. Insofar as is relevant herein, the plaintiffs allege that had Permakoff made a motion to dismiss the complaint in the medical malpractice action as soon as had been requested, the article would never have been published and the plaintiffs would not have sustained any damages. In an order dated April 7, 2008, the Supreme Court, inter alia, denied the appellant's motion to dismiss the complaint insofar as asserted against it, which alleged that it committed legal malpractice in connection with its representation of the plaintiffs in the medical malpractice action. We reverse.

"[A] motion to dismiss made pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). However, when, as here, the moving party offers evidentiary material, "the court is required to determine whether the proponent of the pleading has a cause of action, not [just] whether [they have] stated one" (*Hartman v Morganstern*, 28 AD3d 423, 424 [2006] [internal quotation marks omitted]).

The plaintiffs failed to show that they have a cause of action against the appellant. "To prevail in an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain 'actual and ascertainable damages' (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). 'Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action' (*Holschauer v Fisher*, 5 AD3d 553, 554 [2004])" (*Wald v Berwitz*, 62 AD3d 786, 787 [2009]). Dismissal is warranted where the allegations in the complaint are merely conclusory and speculative (*see Riback v Margulis*, 43 AD3d 1023 [2007]).

The plaintiffs' mere conclusory allegations as to Hashmi's requests that Permakoff take certain actions, together with

their failure to allege any knowledge by the appellant that the New York Post planned to publish an article in connection with this matter and their failure to immediately inform the appellant that it was Hashmi's brother Kabeerudin Hashmi, who was actually the physician present in the Hospital when Sahar was examined and treated, render the allegations in the complaint conclusory and speculative insofar as asserted against the appellant. The allegations are thus insufficient, as a matter of law, to show that the plaintiffs have a cause of action sounding in legal malpractice. Accordingly, the Supreme Court should have granted the appellant's motion to dismiss the complaint insofar as asserted against it (*see Wald v Berwitz*, 62 AD3d 786 [2009]; *Riback v Margulis*, 43 AD3d 1023 [2007]; *Hartman v Morganstern*, 28 AD3d at 424).

Moreover, in any event, the plaintiffs' allegations as to the consequences and damages flowing from the appellant's alleged failure to accede to Hashmi's request that Permakoff immediately move to dismiss the complaint in the medical malpractice action are also too speculative to permit a trier of fact to find that such failure caused "actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]) to them.

In light of this determination, we need not reach the appellant's remaining contentions. Dillon, J.P., Florio, Balkin and Austin, JJ., concur. [*See* 2008 NY Slip Op 31013(U).]