■ DAVID HEFTER, Appellant, v CITI HABITATS, INC., et al., Defendants, and JONATHAN E. GREEN et al., Respondents. [916 NYS2d 87]—

Orders, Supreme Court, New York County (Louis B. York, J.), entered May 24, 2010, which granted the motions of defendant sellers Jonathan Green and Samantha Green (the Greens) and defendants Felix Nihamin and Graubard & Nihamin, P.C. (collectively Nihamin) to dismiss the complaint as against them, unanimously affirmed, with costs.

Plaintiff's allegations of legal malpractice against Nihamin, the attorney who represented him in the purchase of a cooperative apartment owned by the Greens, are conclusory and were properly dismissed. There is no allegation that Nihamin had notice of any facts which might reasonably have caused him to question the veracity of the managing agent's response to a question about future maintenance increases. The "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley*, 65 NY2d 736, 738 [1985]), and plaintiff acknowledges that further inquiry by Nihamin would have been futile. Furthermore, plaintiff's contention that Nihamin "had a potential conflict of interest" because he was recommended by the broker is, by itself, insufficient to state a claim for legal malpractice (*see Schafrann v N.V. Famka, Inc.*, 14 AD3d 363, 364 [2005]).

Plaintiff's claim for fraud against the sellers was properly dismissed. Plaintiff failed to allege that prior to the sale of the apartment the sellers had actual knowledge that a consultant hired by the cooperative had made preliminary projections that future maintenance fee increases could range from 14% to 142% (*see Nicosia v Board of Mgrs. of the Weber House Condominium*, 77 AD3d 455, 456 [2010]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.