■ MARIO BUA, Appellant, v PURCELL & INGRAO, P.C., et al., Respondents. [952 NYS2d 592]—

The plaintiff commenced this action to recover damages allegedly sustained as a result of the defendants' legal malpractice. The amended complaint alleged that the plaintiff retained the defendants to represent and advise him in connection with the sale of certain real property. The plaintiff entered into a contract of sale with a buyer, who tendered a deposit to be held in escrow. The amended complaint further alleged that, prior to the closing date, the buyer's attorney attempted to terminate the contract of sale because the buyer was unable to obtain financing for the purchase. The defendant Joseph A. Ingrao informed the plaintiff that the buyer wished to cancel the contract of sale, and the plaintiff agreed to cancel the contract and return the deposit.

The amended complaint stated that Ingrao sent the buyer's attorney a letter "purporting to terminate" the contract of sale and returning the deposit. More than seven months later, however, the buyer attempted to revive the contract of sale and purchase the property under its terms. The plaintiff refused, maintaining that the contract had been terminated. The buyer subsequently commenced an action against the plaintiff for specific performance of the contract of sale and filed a notice of pendency. In that action, the plaintiff argued, inter alia, that the contract of sale, had been terminated when the deposit was

returned. The plaintiff also commenced a holdover proceeding. The plaintiff ultimately prevailed in the specific performance action.

The amended complaint asserted that the defendants committed malpractice by failing to "obtain a clear and unambiguous termination of the [contract of sale] after [the buyer's] attorneys advised Ingrao that she wished to terminate the [contract of sale]." The amended complaint listed various things that the plaintiff claimed the defendants "should have done" in order to accomplish a "clear and unambiguous" termination of the contract of sale.

The amended complaint alleged that, as a result of the defendants' malpractice, the plaintiff sustained damages in the form of, inter alia, legal fees and costs incurred in the specific performance action and the holdover proceeding. The plaintiff also asserted that his damages included the loss of rental income, the loss of value to the property, and the loss of profits that would have been realized if he had been able to sell the property free of the notice of pendency that was filed in connection with the action for specific performance.

The defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7), submitting documentary evidence in support of their motion. The defendants contended that the plaintiff should be judicially estopped from asserting the malpractice cause of action since it was premised on a position inconsistent with a position he took in the specific performance action. The defendants also contended that the amended complaint failed to state a cause of action to recover damages for legal malpractice.

The plaintiff opposed the motion and cross-moved to consolidate this action with an action commenced by the defendants against the plaintiff to recover unpaid legal fees. The Supreme Court granted the defendants' motion to dismiss the amended complaint on the ground that it was barred by the doctrine of judicial estoppel and denied, as academic, the plaintiff's cross motion. We affirm the Supreme Court's order, but on grounds different from those relied upon by the Supreme Court (*see South Point, Inc. v Redman*, 94 AD3d 1086, 1087 [2012]; *Matter of Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 55 AD3d 610, 611-612 [2008]; *Goldin v Engineers Country Club*, 54 AD3d 658, 659 [2008]; *Garcha v City of Beacon*, 39 AD3d 587, 588 [2007]; *Green v Conciatori*, 26 AD3d 410, 410-411 [2006]; *see also Menorah Nursing Home v Zukov*, 153 AD2d 13, 19 [1989]).

A motion to dismiss a complaint pursuant to CPLR 3211 (a)

(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211 (a) (7), and such proof is considered but the motion has not been converted to one for summary judgment, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Jannetti v Whelan*, 97 AD3d 797 [2012]).

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Bells v Foster*, 83 AD3d 876, 877 [2011]).

Here, the amended complaint alleges, and the parties do not dispute, that the buyer attempted to terminate the contract of sale prior to the closing date. As the plaintiff argued in the action against him for specific performance, he considered this attempted termination an anticipatory repudiation of the contract (*see D'Abreau v Smith*, 240 AD2d 616, 617 [1997]; *cf. Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 268 [1995]). Under such circumstances, the plaintiff could immediately elect to treat the repudiation as a breach and rescind the contract, or await the expiration of the time for the buyer's performance and commence an action thereafter (*see Smith v Tenshore Realty, Ltd.*, 31 AD3d 741, 742 [2006]; *Velazquez v Equity LLC*, 28 AD3d 473, 474-475 [2006]; *see also,* 23 Richard A. Lord, Williston on Contracts § 63:33 at 559 [4th ed]).

The amended complaint stated that Ingrao advised the plaintiff of the buyer's attempted termination of the contract

and that the plaintiff agreed to rescind the contract and return the buyer's deposit. Ingrao promptly notified the buyer of the cancellation of the contract of sale and returned the deposit and tendered a check for the escrow interest.

The amended complaint does not explicitly assert that the defendants committed legal malpractice by their failure to effect a legally valid termination of the contract of sale. Indeed, on this appeal, the plaintiff "concedes that the [contract of sale] was legally terminated upon Ingrao's return of the [d]eposit."

In any event, the documentary evidence submitted in support of the defendants' motion demonstrated that, in the action for specific performance, the plaintiff took the position that Ingrao effected a valid termination of the contract of sale under New York law by sending notice of the termination and returning the deposit after the buyer's attempted termination. Accordingly, to the extent that the amended complaint may be construed as alleging that the defendants failed to legally terminate the contract of sale, the plaintiff is estopped from taking such a position in this action, as it is inconsistent with the position he took in the specific performance action (*see Kimco of N.Y. v Devon*, 163 AD2d 573, 575 [1990]; *Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591, 594 [1984]).

However, although the plaintiff cannot contest the legal effectiveness of Ingrao's termination of the contract of sale, the plaintiff nevertheless takes issue with the method by which the defendants terminated that contract. In this regard, he urges that the defendants were negligent in failing to take additional steps in order to accomplish what the amended complaint refers to as "a clear and unambiguous" termination. Thus, the plaintiff would hold the defendants liable for failing to accomplish something more than a legal termination of the contract of sale.

The standard to which the defendant's conduct is to be compared is not that of the most highly skilled attorney, nor is it that of the average member of the legal profession, but that of an attorney who is competent and qualified (*see* Restatement [Second] of Torts: Negligence § 299 A, Comment *e*). The conduct of legal matters routinely "involve[ ] questions of judgment and discretion as to which even the most distinguished members of the profession may differ" (*Byrnes v Palmer*, 18 App Div 1, 4 [1897], *affd* 160 NY 699 [1899]). Absent an express agreement, an attorney is not a guarantor of a particular result (*see Byrnes v Palmer*, 18 App Div at 4; *see also* 1B NY PJI3d 2:152 at 140-141 [2012]), and may not be held "liable in negligence for . . . the exercise of appropriate judgment that leads to an unsuccess-

ful result" (*Rubinberg v Walker*, 252 AD2d 466, 467 [1998]; *see Grago v Robertson*, 49 AD2d 645, 646 [1975]; *see also* PJI 2:152).

It follows that "[the] selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley*, 65 NY2d 736, 738 [1985]; *see Dimond v Kazmierczuk & McGrath*, 15 AD3d 526, 527 [2005]). Attorneys are free to act in a manner that is "reasonable and consistent with the law as it existed at the time of representation," without exposing themselves to liability for malpractice (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]; *see Noone v Stieglitz*, 59 AD3d 505, 507 [2009]; *Iocovello v Weingrad & Weingrad*, 4 AD3d 208, 208 [2004]).

Here, the plaintiff, after consulting with Ingrao, agreed to terminate the contract of sale, and the defendants effected a legally valid termination. The plaintiff alleges that the defendants should have taken additional steps to "clearly and unambiguously" terminate the contract of sale. Although those additional steps may have been reasonable courses of action, they were not necessary to achieve the desired legal result (*cf. Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511, 514 [1990]; *Shaughnessy v Baron*, 151 AD2d 561, 562 [1989]). The course of action that the defendants took was among the reasonable options available and, even accepting the plaintiff's allegations as true, they fail to adequately allege a breach of the applicable standard of care (*see Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]; *Rosner v Paley*, 65 NY2d at 738; *Hefter v Citi Habitats, Inc.*, 81 AD3d 459, 459 [2011]; *Sklover & Donath, LLC v Eber-Schmid*, 71 AD3d 497, 498 [2010]; *Ideal Steel Supply Corp. v Beil*, 55 AD3d 544, 545-546 [2008]; *Palazzolo v Herrick, Feinstein, LLP*, 298 AD2d 372, 372-373 [2002]; *Zarin v Reid & Priest*, 184 AD2d 385, 387 [1992]; *Novak v Fischbein, Olivieri Rozenholc & Badillo*, 151 AD2d 296, 299 [1989]).

The amended complaint also failed to adequately allege that the defendants' breach of their professional duty proximately caused the plaintiff actual damages. Damages in a legal malpractice case are designed "to make the injured client whole" (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 42 [1990]). Accordingly, "litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct can be charged to the attorney" (*DePinto v Rosenthal & Curry*, 237 AD2d 482, 482-483 [1997]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 443). The plaintiff is required to plead actual, ascertainable damages that resulted from the attorneys' negligence (*see*

*Dempster v Liotti*, 86 AD3d 169, 176 [2011]). Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action (*see Wald v Berwitz*, 62 AD3d 786, 787 [2009]; *Holschauer v Fisher*, 5 AD3d 553, 554 [2004]), and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative (*see Hashmi v Messiha*, 65 AD3d 1193, 1195 [2009]; *Riback v Margulis*, 43 AD3d 1023, 1023 [2007]).

Here, the damages alleged in the amended complaint consist of expenses incurred in connection with the action for specific performance, potential profits that were not realized because of the effect of the notice of pendency, and costs and lost profits incurred by virtue of the buyer's refusal to vacate the property. The crux of the plaintiff's contention is that the buyer would not have chosen to commence the action for specific performance and would have voluntarily vacated the premises if the defendants had taken the additional enumerated steps to accomplish the termination of the contract of sale. The plaintiff's contention rests on speculation as to how the buyer would have responded to these requests. In addition, the damages cited by the plaintiff all stem from the buyer's independent decision to remain on the premises and commence the action for specific performance. It again requires speculation to conclude that the buyer would have refrained from taking these actions if the additional steps were attempted. Accordingly, the plaintiff's contention that the alleged malpractice resulted in legally cognizable damages is conclusory and speculative inasmuch as it is premised on decisions that were within the sole discretion of the buyer (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 436 [2007]; *Dempster v Liotti*, 86 AD3d at 180; *Hashmi v Messiha*, 65 AD3d at 1195; *Wald v Berwitz*, 62 AD3d at 787; *Holschauer v Fisher*, 5 AD3d at 554; *Giambrone v Bank of N.Y.*, 253 AD2d 786, 787 [1998]; *see also Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 443; *Dupree v Voorhees*, 68 AD3d 810, 812-813 [2009]).

In conclusion, as the plaintiff effectively concedes, he is estopped from denying that the defendants effected a legally valid termination of the contract of sale. To the extent that the allegations in the amended complaint are not barred by the doctrine of judicial estoppel, they fail to state a cause of action to recover damages for legal malpractice. Accordingly, the defendants' motion to dismiss the amended complaint was properly granted and the plaintiff's cross motion was properly denied as academic. Florio, J.P., Chambers, Hall and Miller, JJ., concur.