Cali v Maio (2020 NY Slip Op 07853)





Cali v Maio


2020 NY Slip Op 07853


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-10194
 (Index No. 600796/18)

[*1]Barbara Jo Cali, appellant,
v
Donna D. Maio, etc., et al., respondents.


The Cassar Law Firm, P.C., Huntington, NY (Christopher J. Cassar of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York, NY (A. Michael Furman and Aaron M. Barham of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 16, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2018, the plaintiff commenced this action against the defendants, seeking, among other things, to recover damages for legal malpractice, breach of contract, and overbilling in connection with the defendants' past representation of the plaintiff in a mortgage foreclosure action (hereinafter the foreclosure action) which was commenced against her by Wells Fargo Bank, N.A. (hereinafter Wells Fargo). According to the plaintiff, as a result of the defendant's malpractice, she lost her home in that foreclosure action.
In lieu of an answer, the defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), and, in effect, CPLR 3211(a)(5). The plaintiff cross-moved, pursuant to 22 NYCRR 130-1.1, for an award of sanctions against the defendants. In an order dated August 16, 2018, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the complaint and denied the plaintiff's cross motion. The plaintiff appeals.
Contrary to the determination of the Supreme Court, the defendants failed to establish that they were entitled to dismissal of the cause of action to recover damages for legal malpractice pursuant to CPLR 3211(a)(1). "To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Leon v Martinez, 84 NY2d 83, 88). Construing the complaint liberally, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible inference, as we are required to do (see Leon v Martinez, 84 NY2d at 87; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996), the documentary evidence submitted by the defendants failed to utterly refute the plaintiff's allegations of legal malpractice, as augmented [*2]by her affidavit in opposition to their motion (see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 830; Anderson v Armentano, 139 AD3d 769, 771).
However, the defendants were entitled to dismissal of the causes of action to recover damages for legal malpractice and breach of contract under the branch of their motion which was pursuant to CPLR 3211(a)(7). "On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), '[w]e accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141, quoting Leon v Martinez, 84 NY2d at 87-88).
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, quoting McCoy v Feinman, 99 NY2d 295, 301). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442). Here, the plaintiff failed to adequately plead specific factual allegations showing that, but for the defendants' alleged negligence, she would have obtained a more favorable outcome in the foreclosure action (see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 909; Benishai v Epstein, 116 AD3d 726, 728). Although the plaintiff's alleged damages are based on the loss of her home due to foreclosure, the plaintiff failed to allege that, but for the defendants' negligence, the foreclosure action would not have resulted in a judgment of foreclosure and sale. Accordingly, the complaint failed to state a cause of action to recover damages for legal malpractice and the defendants were entitled to dismissal of that cause of action pursuant to CPLR 3211(a)(7) (see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d at 909; Benishai v Epstein, 116 AD3d at 728). Since the breach of contract cause of action arose from the same operative facts as the legal malpractice cause of action and did not allege distinct and different damages it was duplicative of the legal malpractice cause of action and thus, also subject to dismissal (see Prott v Lewin & Baglio, LLP, 150 AD3d 908, 910; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813-814).
The defendants also were entitled to dismissal of the third cause of action, which alleged that the defendants overbilled the plaintiff for legal fees. Although overbilling can constitute a cause of action to recover damages for breach of contract by a client against her or his attorney (see O'Connor v Blodnick, Abramowitz and Blodnick, 295 AD2d 586, 587), here, that cause of action was barred by res judicata under CPLR 3211(a)(5). The defendants submitted, among other things, an arbitration case report which indicated that the parties had participated in an arbitration relating to fees owed for legal services rendered by the defendants. The plaintiff's allegations evidence that her overbilling cause of action is directly related to the fee dispute, and that it should have been litigated during that arbitration proceeding. Thus, the final arbitration award bars the cause of action to recover damages for overbilling (see CPLR 3211[a][5]; Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258, 263, 265; see also Mahler v Campagna, 60 AD3d 1009, 1012).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court