Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C. (2022 NY Slip Op 02994)





Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C.


2022 NY Slip Op 02994


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.


2018-04743
2018-10484
 (Index No. 519958/16)

[*1]Lily Marinelli, etc., et al., appellants, 
v
Sullivan Papain Block McGrath & Cannavo, P.C., respondent.


Marvin Ben-Aron, Staten Island, NY, for appellants.
Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser and Vito Cannavo of counsel), respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated July 13, 2017, and (2) an order of the same court dated July 10, 2018. The order dated July 13, 2017, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the first cause of action in the complaint. The order dated July 10, 2018, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action in the amended complaint.
ORDERED that the order dated July 13, 2017, is affirmed; and it is further,
ORDERED that the order dated July 10, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiffs commenced this action against the defendant law firm, which had represented the plaintiffs in connection with a prior action to recover damages for medical malpractice in connection with the birth of their child (hereinafter the decedent). The plaintiffs alleged that they "retained the defendant to recover all of the organs removed" during an autopsy of the decedent which was conducted by New York Methodist Hospital (see Marinelli v New York Methodist Hosp., ___ AD3d ___ [decided herewith]), and "to pursue an action for medical malpractice." In the first cause of action in the complaint, the plaintiffs alleged that the defendant failed to take certain steps to recover the subject organs, and that "had the defendant timely pursued recovery of the [subject] organs, the organs would have been available for return and burial and in fact, New York Methodist Hospital would have returned the organs to the plaintiffs for such burial."
The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the first cause of action. In the first order appealed from, dated July 13, 2017, the Supreme Court granted the defendant's motion.
The plaintiffs served an amended complaint. As relevant here, the fourth cause of action in the amended complaint alleged that the defendant's "repeated representations that [it was] pursuing the return of [the subject] organs constituted a legal and binding contract." The fourth cause of action alleged that the defendant "breached its contract with the plaintiffs to seek the return of [the subject] organs from New York Methodist Hospital" and that the plaintiffs "sustained damages" as a result of the alleged breach.
The defendant subsequently moved, inter alia, for summary judgment dismissing the fourth cause of action in the amended complaint. In the second order appealed from, dated July 10, 2018, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action in the amended complaint.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d 83, 87). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, "the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Jannetti v Whelan, 97 AD3d 797).
In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Bells v Foster, 83 AD3d 876, 877). Damages in a legal malpractice action are designed "to make the injured client whole" (Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 42). "The plaintiff is required to plead actual, ascertainable damages that resulted from the attorneys' negligence" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847-848; see Dempster v Liotti, 86 AD3d 169, 176). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848; see Wald v Berwitz, 62 AD3d 786, 787; Holschauer v Fisher, 5 AD3d 553, 554), and "dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848; see Hashmi v Messiha, 65 AD3d 1193, 1195; Riback v Margulis, 43 AD3d 1023, 1023).
Here, the complaint failed to adequately allege that the defendant's breach of its professional duty proximately caused the plaintiffs to sustain actual damages. The plaintiffs alleged that New York Methodist Hospital (hereinafter the hospital) would have agreed to return the subject organs to the plaintiffs if the defendant had taken certain steps after it was retained. However, the plaintiffs' contention "rests on speculation as to how [the hospital] would have responded to these [steps]" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848).
In support of its motion to dismiss the first cause of action in the complaint, the defendant submitted, among other things, a consent form (hereinafter the consent form), which was executed by the plaintiff Vito Marinelli. As we have determined in a related appeal (see Marinelli v New York Methodist Hosp., ___ AD3d ___ [decided herewith]), the consent form explicitly granted the hospital the authority to retain and dispose of the subject organs so long as the hospital considered such actions "appropriate" for the stated purpose of the autopsy, which included the general goal of "furthering medical knowledge." The consent form thereby conferred "discretionary" authority on the hospital to determine "whether to remove and retain an organ for further [*2]examination and testing" (Cansev v City of New York, 185 AD3d at 896; see Shipley v City of New York, 25 NY3d 645, 654; cf. Zhuangzi Li v New York Hosp. Med. Ctr. of Queens, 147 AD3d 1115, 1117). The plaintiffs do not allege that they retained the defendant before the hospital exercised its discretion in this matter pursuant to the terms agreed upon in the consent form. In light of the discretion imparted by the consent form, "the plaintiff[s'] contention that the alleged malpractice resulted in legally cognizable damages is conclusory and speculative inasmuch as it is premised on decisions that were within the sole discretion of the [hospital]" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848; see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 436; Dempster v Liotti, 86 AD3d at 180; Hashmi v Messiha, 65 AD3d at 1195; Wald v Berwitz, 62 AD3d at 787; Holschauer v Fisher, 5 AD3d at 554; Giambrone v Bank of NY, 253 AD2d 786, 787; see also Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 443; Dupree v Voorhees, 68 AD3d 810, 812-813). Under the circumstances, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the first cause of action in the complaint. Accordingly, we affirm the first order appealed from, dated July 13, 2017.
The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action in the amended complaint. That cause of action was "based on the same facts underlying the legal malpractice cause of action and did not allege distinct damages" (Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815; see Drasche v Edelman & Edelman, 201 AD3d 434; Cali v Maio, 189 AD3d 1337, 1339; Prott v Lewin & Baglio, LLP, 150 AD3d 908, 910). Accordingly, we affirm the order dated July 10, 2018, insofar as appealed from.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court