Jean-Paul v Rosenblatt (2022 NY Slip Op 04958)

Jean-Paul v Rosenblatt

2022 NY Slip Op 04958

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-07357
 (Index No. 502467/19)

[*1]Perrault Jean-Paul, appellant, 
v
Robert Rosenblatt, et al., respondents.

David J. Austin, New York, NY, for appellant.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 28, 2020. The order granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
ORDERED that the order is affirmed, without costs or disbursements.
In February 2019, the plaintiff commenced this action against the defendants to recover damages for legal malpractice alleging, inter alia, that they were negligent in failing to inform him about a judgment of possession that they had obtained in his favor in an underlying housing court action and in failing to enforce it. As is relevant to this appeal, the defendants cross-moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order dated February 28, 2020, the Supreme Court granted that branch of the defendants' cross motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. Where, as here, the defendants submitted evidentiary material in support of that branch of their cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint, the criterion becomes whether the plaintiff has a cause of action, not whether one is stated (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 845).
To state a cause of action to recover damages for legal malpractice, the plaintiff was required to allege "that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Cali v Maio, 189 AD3d 1337, 1338 [internal quotation marks omitted]; see Bua v Purcell & Ingrao, P.C., 99 AD3d at 845). To establish causation, the plaintiff must plead specific factual allegations demonstrating that, but for the attorney's negligence, the underlying action would have had a more favorable outcome than resulted (see Cali v Maio, 189 AD3d at 1338). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848 [citations omitted]; see Hall v Hobbick, 192 AD3d 776, 778-779).
Even if the defendants had been negligent in the underlying action, the plaintiff's contentions that the housing court would have decided the motion of the tenant in the underlying action to vacate the judgment of possession in the plaintiff's favor such that the tenant would have been promptly evicted, and that the plaintiff would not have incurred damages in the form of additional unpaid rent and legal fees while the matter continued, are merely speculative (see Hall v Hobbick, 192 AD3d at 779; Bua v Purcell & Ingrao, P.C., 99 AD3d at 847-848).
Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court