Alexim Holdings, LLC v McAuliffe (2023 NY Slip Op 05581)

Alexim Holdings, LLC v McAuliffe

2023 NY Slip Op 05581

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-06291
 (Index No. 607836/19)

[*1]Alexim Holdings, LLC, appellant, 
v
Timothy McAuliffe, et al., respondents.

Andrew Lavoott Bluestone, New York, NY, for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Matthew K. Flanagan and Jenna L. Fierstein of counsel), for respondents Timothy McAuliffe and Tarbet and Lester, PLLC.
E. Timothy McAuliffe, Jr., East Hampton, NY, for respondent McAuliffe Law, PLLC.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the plaintiff appeals from a clerk's judgment of the Supreme Court, Suffolk County, entered July 6, 2020. The judgment, insofar as appealed from, upon an order of the same court (Denise F. Molia, J.) dated May 13, 2020, inter alia, granting the motion of the defendants Timothy McAuliffe and Tarbet and Lester, PLLC, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them and that branch of the separate motion of the defendant McAuliffe Law, PLLC, which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, is in favor of the defendants and against the plaintiff dismissing the causes of action alleging legal malpractice, breach of fiduciary duty, and breach of contract.
ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff retained the defendant law firm Tarbet and Lester, PLLC, of which the defendant Timothy McAuliffe (hereinafter together with Tarbet and Lester, PLLC, the Tarbet defendants) was then an associate, to prosecute an action, inter alia, to recover damages for breach of contract (hereinafter the underlying action). After the Tarbet defendants' representation of the plaintiff terminated, the plaintiff retained another law firm, which is not a party to this appeal. The plaintiff thereafter settled the underlying action.
The plaintiff subsequently commenced this action against the Tarbet defendants and the defendant McAuliffe Law, PLLC (hereinafter McAuliffe Law), among other things, to recover damages for legal malpractice and breach of fiduciary duty. The Tarbet defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, and McAuliffe Law separately moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In an order dated May 13, 2020, the Supreme Court, among other things, granted the Tarbet defendants' motion and that branch of McAuliffe Law's motion. A judgment was entered [*2]on July 6, 2020, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715).
Here, the Supreme Court properly granted those branches of McAuliffe Law's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging legal malpractice, breach of contract, and breach of fiduciary duty insofar as asserted against it. The complaint failed to allege the existence of an attorney-client relationship, contractual relationship, or fiduciary relationship between the plaintiff and McAuliffe Law, which was not a party to the subject legal services agreement and did not even exist at the time of the misconduct alleged in the complaint. Thus, the complaint failed to state a cause of action sounding in, inter alia, legal malpractice or breach of fiduciary duty insofar as asserted against McAuliffe Law (see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813).
The Supreme Court also properly granted those branches of the Tarbet defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging legal malpractice, breach of fiduciary duty, and breach of contract insofar as asserted against them. "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Dempster v Liotti, 86 AD3d 169, 176 [internal quotation marks omitted]; see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 812). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505 [internal quotation marks omitted]). "The plaintiff is required to plead actual, ascertainable damages that resulted from the attorneys' negligence" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716; Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848 [citations omitted]; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716).
Here, the complaint failed to adequately allege that the Tarbet defendants' breach of their professional duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716; Bua v Purcell & Ingrao, P.C., 99 AD3d at 848; Wald v Berwitz, 62 AD3d 786, 787). The plaintiff's allegations that, but for the Tarbet defendants' alleged negligence, the plaintiff would have received a more favorable settlement offer or outcome in the underlying action were conclusory and speculative (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506; Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 910). Accordingly, the complaint failed to state a cause of action to recover damages for legal malpractice insofar as asserted against the Tarbet defendants. Further, since the causes of action alleging breach of fiduciary duty and breach of contract insofar as asserted against the Tarbet defendants arose from the same operative facts as the legal malpractice cause of action and did not allege distinct damages, they were duplicative of the legal malpractice cause of action and thus, also subject to dismissal (see Cali v Maio, 189 AD3d 1337, 1339; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 813).
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court