Ofman v Richland (2025 NY Slip Op 00327)

Ofman v Richland

2025 NY Slip Op 00327

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-10363
 (Index No. 9/23)

[*1]Mendel E. Ofman, appellant, 
v
Daniel H. Richland, etc., et al., respondents.

The Law Office of Towers & Associates, P.C., Brooklyn, NY (Geanine Towers of counsel), for appellant.
Richland & Falkowski, PLLC, Washingtonville, NY (Daniel H. Richland pro se of counsel), respondent pro se and for respondent Daniel H. Richland.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 31, 2023. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In January 2023, the plaintiff commenced this action against the defendants, Daniel H. Richland and Richland & Falkowski, PLLC, inter alia, to recover damages for legal malpractice in connection with the defendants' representation of the plaintiff in an underlying legal malpractice action against the plaintiff's former counsel (hereinafter the underlying action). The defendants made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), and (7). The plaintiff opposed the motion. By order dated July 31, 2023, the Supreme Court, among other things, granted the defendants' motion, determining that the plaintiff failed to state a cause of action (see CPLR 3211[a][7]). The plaintiff appeals.
When deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815, quoting Leon v Martinez, 84 NY2d 83, 87-88; see Popal v DiLorenzo, 231 AD3d 1067, 1068). "'Where . . . evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it'" (Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 711-712, quoting Pacific W., Inc. v E & A [*2]Restoration, Inc., 178 AD3d 834, 835; see Popal v DiLorenzo, 231 AD3d at 1068).
The first cause of action, which sought to recover damages for fraud, alleged that the defendants committed fraud by failing to disclose to the plaintiff a conflict of interest created by Richland's personal and professional relationship with the plaintiff's former counsel in order to protect that attorney from potential liability in the underlying action. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488). Where a fraud cause of action is based on an omission or concealment of material fact, the plaintiff must also allege that the defendant had a duty to disclose material information and failed to do so (see City of Long Beach v Agostisi, 221 AD3d 776, 778; Schwatka v Super Millwork, Inc., 106 AD3d 897, 900). "The elements of a cause of action to recover for constructive fraud are the same as those to recover for actual fraud with the crucial exception that the element of scienter upon the part of the defendant, his [or her] knowledge of the falsity of his [or her] representation, is dropped . . . and is replaced by a requirement that the plaintiff prove the existence of a fiduciary or confidential relationship warranting the trusting party to repose his [or her] confidence in the defendant and therefore to relax the care and vigilance he [or she] would ordinarily exercise in the circumstances" (Levin v Kitsis, 82 AD3d 1051, 1054 [internal quotation marks omitted]). A cause of action sounding in fraud must be pleaded with the requisite particularity under CPLR 3016(b) (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559). "CPLR 3016(b) is satisfied when the facts suffice to permit a reasonable inference of the alleged misconduct" (id. [internal quotation marks omitted]).
Here, the plaintiff failed to allege that the defendants made a material misrepresentation of fact or intentionally concealed a material fact, and the plaintiff's allegations that Richland's relationship with the plaintiff's former counsel created a conflict of interest which the defendants had a duty to disclose were conclusory. Even accepting the plaintiff's allegations as true and giving him the benefit of every possible favorable inference, the allegations in the complaint, coupled with the surrounding circumstances, do not give rise to a reasonable inference that the defendants committed fraud or constructive fraud (see id. at 560-561). Moreover, the affidavit submitted by the plaintiff in opposition to the defendants' motion did not remedy the defects in the complaint (see Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845). Thus, the Supreme Court properly granted dismissal of the first cause of action pursuant to CPLR 3211(a)(7).
The Supreme Court also properly granted dismissal of the second cause of action, which sought to recover damages for violation of Judiciary Law § 487, pursuant to CPLR 3211(a)(7) as the plaintiff failed to allege sufficient facts to establish that Richland intended to deceive him or the court (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353; Klein v Rieff, 135 AD3d 910, 912).
However, the Supreme Court should have denied dismissal of the third cause of action, which sought to recover damages for legal malpractice, pursuant to CPLR 3211(a)(7). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Dempster v Liotti, 86 AD3d 169, 176 [internal quotation marks omitted]; see Alexim Holdings, LLC v McAuliffe, 221 AD3d 641, 643). "To establish causation, the plaintiff must plead specific factual allegations demonstrating that, but for the attorney's negligence, the underlying action would have had a more favorable outcome than resulted" (Jean-Paul v Rosenblatt, 208 AD3d 652, 653). "The plaintiff is required to plead actual, ascertainable damages that resulted from the attorneys' negligence" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 716). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848 [citations omitted]; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716).
Here, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently stated a cause of action alleging legal malpractice. The complaint alleged that the defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession by filing a second amended complaint which deleted the majority of the factual allegations and legal malpractice causes of action the plaintiff had interposed against the defendant in the underlying action without the plaintiff's knowledge or consent. The complaint further alleged that the defendants' negligence in amending that pleading proximately caused the plaintiff to lose his claims of legal malpractice against the defendant in the underlying action, and to incur additional legal fees to appeal the denial of his motion for leave to amend the second amended complaint. Contrary to the defendants' contention, the plaintiff alleged actual, ascertainable damages that resulted from the defendants' negligence (see Bua v Purcell & Ingrao, P.C., 99 AD3d at 847).
The Supreme Court properly granted dismissal of the fourth cause of action, alleging breach of fiduciary duty, as it was duplicative of the third cause of action, alleging legal malpractice, as it arose from the same facts and does not allege distinct damages (see Attallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d 1026, 1029).
The Supreme Court properly granted dismissal of the fifth cause of action, alleging legal malpractice and breach of fiduciary duty based upon the defendants' failure to disclose a conflict of interest, as the allegations that Richland's relationship with the plaintiff's former counsel created a conflict of interest were speculative and conclusory and failed to state a cause of action.
The Supreme Court properly granted dismissal of the sixth cause of action, alleging legal malpractice based upon the defendants' alleged delinquency in prosecuting the underlying action, as it failed to state a cognizable cause of action.
The Supreme Court properly granted dismissal of the seventh cause of action, alleging breach of contract, as it was duplicative of the third cause of action, alleging legal malpractice (see Dabiri v Porter, 227 AD3d 860, 861; Lam v Weiss, 219 AD3d 713, 718).
The defendants' contention that the third cause of action, alleging legal malpractice, is barred by the voluntary payment doctrine is improperly raised for the first time on appeal.
The defendants' remaining contention is without merit.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court